IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA<br>*Plaintiff*,<br><br>V.<br><br>BACARELLA TRANSPORTATION SERVICES, INC. D/B/A BTX GLOBAL LOGISTICS, SPRINT CORPORATION, BRIGHTSAR INTERNATIONAL CORP. D/B/A BRIGHSTAR CORP., T.S. EXPRESS, INC., FORWARD AIR CORPORATION, NORMARK OF TEXAS, LLC, AND OSCAR MACEDO CAMPUZANO<br>*Defendants* | § § § § § § § § § § § § § § § § § §  C.A. No.3:19-CV-01364-K |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, National Union Fire Insurance Company of Pittsburgh, PA, underwriter for AIG and subrogee for Western Tech Systems, Inc., ("**Plaintiff**") and files this First Amended Complaint. In its Original Complaint, Plaintiff inadvertently named some defendants by their commonly used as opposed to their legal names. However, Plaintiff files this First Amended Complaint to name all defendants to this lawsuit properly in accordance with their founding documents and registration information available in the government records. Specifically, defendant operating under the name of BTX Global Logistics is a d/b/a entity and is registered with the Connecticut Secretary of State as Bacarella Transportation Services, Inc. Defendant operating under the name of Brightstar Corp. is also a d/b/a entity and is registered with the Delaware Secretary of State as Brightstar International Corp. Finally, Defendant Sprint Corporation is operating under the name Sprint but is registered with the Kansas Secretary of State

as Sprint Corporation. Defendant respectfully makes the changes in the above caption to this lawsuit. Plaintiff respectfully shows this Honorable Court as follows:

## I.
## Jurisdiction and Venue

1.1    This action arises from loss of cargo, a tort, breach of contract, and/or conversion, and it is within the jurisdiction of the United States and of this Honorable Court pursuant to the federal and common law.

1.2    Venue is proper in this Court pursuant to 28 U.S. Code Annotated § 1391 because substantial part of events giving rise to Plaintiff's claims occurred here, Defendant Normark of Texas, LLC resides in this District, and the damages occurred within the Northern District of Texas.

1.3    Jurisdiction is proper in this Court pursuant to 28 U.S. Code Annotated § 1332(a) and § 1391 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

## II.
## Parties and Service of Process

2.1    Plaintiff is a Pennsylvania corporation with its principal place of business at in New York, New York.

2.2    On information and belief, Defendant, Brightstar International Corp. d/b/a Brightstar Corporation ("**Brightstar**"), is a Delaware corporation, not registered to do business in Texas, and, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), Tex.R.Civ. P. Rule 106, Tex. Civ. Prac. & Rem Code §17.026, and Tex. Admin. Code §17.21, the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the <u>Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its principal place of business</u> at 9725 NW 117th Avenue #105, Miami, Florida 33178.

2.3     On information and belief, Defendant, Sprint Corporation ("**Sprint**"), is a Kansas corporation not registered to do business in Texas, and, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), Tex.R.Civ. P. Rule 106, Tex. Civ. Prac. & Rem Code §17.026, and Tex. Admin. Code §17.21, the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the <u>Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its principal place of business at</u> 6200 Sprint Parkway, Overland Park, Kansas 66251.

2.4     On information and belief, Defendant, Forward Air Corporation ("**Forward Air**"), is a Tennessee corporation with the principal place of business at 1915 Snapps Ferry Rd., Bldg. N, Greeneville, Tennessee 37745-3661, registered to do business in the State of Texas, and, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), the Clerk is requested to issue and serve them with summons through their designated registered agent for service of process, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

2.5     On information and belief, Defendant, T.S. Express, Inc. ("**T.S. Express**"), is an Illinois corporation not registered to do business in Texas, and, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), Tex.R.Civ. P. Rule 106, Tex. Civ. Prac. & Rem Code §17.026, and Tex. Admin. Code §17.21, the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the <u>Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its principal place of business</u> at 1125 McCabe Ave, Elk Grove Village, Illinois 60007.

2.6     On information and belief, Defendant, Bacarella Transportation Services, Inc. d/b/a BTX Global Logistics ("**BTX**"), is a Connecticut corporation with the principal place of business at 12 Commerce Drive, Shelton, CT 06484-6202, registered to do business in the State of Texas, and, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), the Clerk is requested to issue and serve them

with summons through their designated registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.7   On information and belief, Defendant, Normark of Texas, LLC ("**Normark**"), is a Texas limited liability company with a principal place of business at 14691 Day Rd., Roanoke, Texas 76262-6360.  On information and belief, the company's members consist of Malinda Hall and Sherman Hall, both of whom are Texas citizens and reside at 14691 Day Rd., Roanoke, Texas 76262-6360.  The Clerk is requested to issue and serve it with two copies of the summons and this Complaint on its registered agent, Malinda Hall at 14691 Day Rd., Roanoke, Texas  76262.

2.8   On information and belief, Defendant, Oscar Macedo Campuzano ("**Campuzano**"), is a citizen of Illinois and resides at 7500 Elmhurst Road, Lot 39, Des Plaines, Illinois, 60018, is a non–resident.  Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the Texas Civil Practice and Remedies Code, and Rule 4(e) of the Federal Rules of Civil Procedure, service of process will be accomplished by substitute service by transmitting a copy of this Complaint by certified mail, return receipt requested, to Defendant's agent for service of process in Texas, the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, along with **(i)** a request that it waive service of the summons pursuant to Fed.R.Civ.P. Rule 4(d)(1)(A) through (G), **(ii)** accompanied by two (2) copies of the attached waiver form, **(iii)** a prepaid means for returning the waiver, and **(iv)** the attached notification of the consequences of waiving and of not waiving service as prescribed in Form 5 of the Federal Rules of Civil Procedure, stating the date of the requested waiver was sent, and that it has sixty (60) days to return the waiver.

### III.
### Basis for Complaint and Causes of Action

3.1   At all times relevant, Western Tech Systems, Inc., by and through its wholly owned subsidiary ExportTek, Inc., owned 829 6S iPhones from the lot ID No. 052517-D020 containing

the total 1029 iPhones packed in 21 boxes as part of the entire shipment that forms the basis of this lawsuit per the Purchase Order No. PO2624 dated June 02, 2017 (attached hereto as **Exhibit "A"**).

      3.2    Western Tech Systems, Inc., by and through its wholly owned subsidiary EcycleTek, Inc, paid the full amount of $187,146.75 (One Hundred Eighty-Seven Thousand One Hundred Forty-Six U.S. Dollars and Seventy-Five Cents) for the 829 6S iPhones per the Sprint Invoice No. AUC-0001286 dated June 2, 2017 (attached hereto as **Exhibit "B"**).

      3.3    The full shipment of the iPhones was stored at Defendant Brightstar's warehouse as evidenced by the Brightstar Freight Shipping Tracker Form (attached hereto as **Exhibit "C"**).

      3.4    On information and belief, T.S. Express transported the shipment in Illinois. Pursuant to the Driver Information Sheet, Defendant Campuzano, a truck driver for T.S. Express with license No. M232-640-6037, was operating the truck with the shipment (attached hereto as **Exhibit "D"**).

      3.5    On information and belief, Western Tech Systems, Inc retained Defendant BTX to transport the shipment of the iPhones from Brightstar's warehouse in Libertyville, Illinois, to Western Tech Systems, Inc.'s warehouse in Carrollton, Texas.

      3.6    On information and belief, Defendant BTX arranged for a pick up of the shipment from Brightstar and transportation of the shipment therefrom to O'Hare Airport in Chicago, Illinois. On or about June 8, 2017, Defendant BTX issued its Airbill No. DFW20026750 (attached hereto as **Exhibit "E"**).

      3.7    On or about June 12, 2017, Defendant BTX submitted its invoice No. 91800013497 for the transportation logistics of the shipment from Defendant Brightstar in Libertyville, Illinois, to EcycleTek, Inc.'s warehouse in Carrollton, Texas (attached hereto as **Exhibit "F"**). On information and belief, after Forward Air transported the shipment from O'Hare Airport in

Chicago, Illinois, to Dallas/Fort Worth Airport in Dallas, Texas, the shipment was picked up by Defendant Normark, a local Texas trucking company and delivered to Western Tech Systems, Inc.'s warehouse in Carrollton, Texas.

3.8     On or about June 12, 2017, Western Tech Systems, Inc.'s employee discovered the loss of the 829 iPhones from LOT No. 052517-D020.  Western Tech Systems, Inc. reported the loss to Defendant Brightstar on or about June 12, 2017, and after denial of liability by Defendant Brightstar, to Sprint on or about June 15, 2017.  On August 18, 2017 Sprint sent an email communication denying liability for the claim (attached hereto as **Exhibit "G"**).

3.9     On information and belief, Plaintiff remitted payment to Western Tech Systems, Inc. on its claim for the partial loss of the shipment of iPhones.  Plaintiff seeks to recover the amount it paid for the partial loss of the shipment of iPhones.

3.10    In consideration of paid purchase, storage, and freight charges, Defendants Sprint and Brightstar as seller and shipper in this matter, agreed to provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry and discharge the shipment of iPhones in the good order and condition as described in the Sprint invoice.

3.11    In consideration of paid freight charges, Defendants T.S. Express, Normark, Oscar Campuzano, and Forward Air, as carriers in this matter, agreed to provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice.

3.12    In consideration of paid freight charges, Defendant BTX, as a freight forwarder in this matter, agreed to arrange for and provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice.

3.13    The loss of 829 iPhones from the entire shipment was the direct and proximate result of the actions, or inactions, of Defendants BTX, Sprint, Brightstar, T.S. Express, Normark, Campuzano, and Forward Air (jointly referred to as "**Defendants**"), which acts or failures to act constitute negligence, gross negligence, breach of contract of carriage, breach of bailment, failure to perform services in a workmanlike manner and/or breach of implied and/or express warranties on the part of Defendants, and conversion while the shipment of iPhones was under Defendants' exclusive care, custody and control.

3.14    Defendants committed at least the following errors and/or omissions, which proximately caused the damages at issue: failure to use due diligence while transporting and storing the shipment of iPhones; negligent hiring of transportation companies and their operators; failure to supervise their employees; conversion of property; and failure to take precautions that will be revealed during discovery.

3.15    Plaintiff cannot more specifically allege the act(s) and/or omission(s) constituting the negligence and gross negligence of Defendants.  Plaintiff therefore invokes and relies upon the doctrines of *res ipsa loquitur* and *respondeat superior* because the character of the loss was such that it would not have happened in the absence of negligence, and the events causing the occurrence, including without limitation, the handling and carriage of the lost iPhones, was exclusively within Defendants' management and control and/or within the management and control of Defendants' subordinates, employees, agents, subcontractors, and/or independent contractors hired by Defendants.

3.16    Plaintiff's damages were reasonably foreseeable, and it has sustained damages totaling at least **$187,146.75** (One Hundred Eighty-Seven Thousand One Hundred Forty-Six U.S. Dollars and Seventy-Five Cents).

## IV.
## JURY DEMAND

4.10    Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, requests that Defendants Sprint, Brightstar, T.S. Express, BTX, Forward Air, Normark, and Campuzano be required to appear and answer under oath, all and singular, the matters aforesaid, and after jury trial of the merits of this case, Plaintiff have judgment against Defendants for its damages as alleged herein, punitive damages, plus pre-judgment and post-judgment interest at the maximum legal rates, all costs of Court, and all other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

THE BALE LAW FIRM, PLLC

 //s// *Jeffrey R. Bale*
Jeffrey R. Bale
State Bar No. 01629800
Federal ID No. 3324
Anna DeMaggio
State Bar No. 24105795
Federal ID No. 3307509
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Phone:  (281) 295-6000
Fax:  (281) 295-6010
Email:  jbale@balelawfirm.com
Email:  ademaggio@balelawfirm.com
*Attorneys for Plaintiff,*
*National Union Fire Insurance*
*Company of Pittsburgh, PA*