IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA | § § § § | |
| Plaintiff, | § § | |
| vs. | § § § | CAUSE NUMBER 3:19-CV-01364-K JUDGE KINKEADE |
| BTX GLOBAL LOGISTICS, SPRINT, BRIGHTSAR CORP., T.S. EXPRESS, INC., FORWARD AIR CORPORATION, NORMARK OF TEXAS, LLC, AND OSCAR MACEDO CAMPUZANO | § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT FORWARD AIR CORPORATION'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendant Forward Air Corporation ("Forward Air") hereby files this Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's claims for "a tort, breach of contract, and/or conversion" are not specified or well-pleaded in Plaintiff's Complaint [Dkt. #1] and should be dismissed. Furthermore, Plaintiff's state law claims are preempted by the Carmack Amendment to the Interstate Commerce Act (the "Carmack Amendment") and should be dismissed with prejudice because Plaintiff's alleged damages arise solely from loss and/or damage to cargo. 49 U.S.C. § 14706, *et seq*. Plaintiff should be ordered to replead a single cause of action for loss and/or damage to cargo pursuant to the Carmack Amendment. In support thereof, Forward Air respectfully shows the Court the following:

## **TABLE OF CONTENTS**

**BACKGROUND** ........................................................................................................................ 4

**LEGAL STANDARD** ............................................................................................................... 5

**ANALYSIS** ................................................................................................................................. 6

    *1.*  *The Carmack Amendment Completely Preempts All State Law Claims Arising Out of the Interstate Transportation of Cargo* ............................................................................. 6

    *2.*  *Plaintiff's State Claims for Negligence and Other Claims Should be Dismissed With Prejudice* ............................................................................................................................. 10

    *3.*  *Exemplary or "Other" Damages are Not Recoverable Under the Carmack Amendment* ...............................................................................................................................12

**CONCLUSION** ........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Statutes**
49 U.S.C. § 13102 .................................................................................................................... 9
49 U.S.C. § 14706 ............................................................................................................... 6, 12

**Cases**
*Adams Express Co. v. Croninger*, 226 U.S. 491, 505-6 (1913) ................................................ 7, 13
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................................................................ 5
*Atchison, T. & S.F. Ry. Co. v. Harold*, 241 U.S. 371, 377-78 (1916) ........................................... 7
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ................................................................ 5
*Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 379 (2d Cir. 1994) .......................................... 13
*Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013)
   .................................................................................................................................................. 11
*Franyutti v. Hidden Valley Moving and Storage, Inc.*, 325 F. Supp. 2d 775, 777-78 (W.D. Tex.
   2004) ........................................................................................................................................ 12
*Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916) ................. 9
*Global Technology Enterprises v. 4 Way Transport, LLC*, No. 3:16-cv-01601-N, 2017 WL
   5075108, at *3 (N.D. Tex. 2017) ............................................................................................. 12
*Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) .................................................................... 5
*Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 284 (7th Cir. 1997) ....................................... 13
*Gulf Rice Arkansas, LLC v. Union Pacific Railroad Co.*, 376 F. Supp. 2d 715, 718 (S.D. Tex.
   2005) ........................................................................................................................................ 12
*Hoskins v. Bekins Van Lines, LLC*, 343 F.3d 769, 778 (5th Cir. 2003) ........................... 6, 8, 9, 11
*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ...................................... 5
*Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305 (5th Cir. 1993) ........................................................ 7
*Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir. 1998) .................... 12, 13
*New York, New Haven & Hartford Railroad Co. v. Nothnagle*, 346 U.S. 128, 131 (1953) .......... 6
*Patriot Signs, Inc. v. SAIA Motor Freight Lines, LLC*, 616 F. Supp. 2d 646, 649 (N.D. Tex. 2009)
   .................................................................................................................................................... 9
*Pennsylvania R.R. Co. v. Int'l Coal Mining Co.*, 230 U.S. 184, 199-200 (1913) ....................... 12
*Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 701 (4th Cir. 1993) ....................................... 10
*Suttle v. Landstar Inway, Inc.*, No. H-08-858, 2009 WL 1297470, at *4 (S.D. Tex. May 4, 2009)
   .................................................................................................................................................. 11
*Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1008-9 (5th Cir. 2010) ............ 9
*Wise Recycling, LLC v. M2 Logistics,* 943 F. Supp. 2d 700, 703 (N.D. Tex. 2013) ................ 8, 11

## BACKGROUND

On June 6, 2019, Plaintiff filed its Complaint [Dkt. #1].  In the complaint, Plaintiff alleges that its shipper, Western Tech Systems, Inc., by and through its wholly owned subsidiary Export Tek, Inc., owned 829 6S iPhones from the lot ID No. 052517-D020 containing a total of 1029 iPhones packed in 21 boxes as part of a shipment made the basis of this lawsuit per a Purchase Order No. PO2624 dated June 2, 2017 [Dkt. #1 at ¶ 3.1].  Plaintiff alleges that Western Tech Systems, Inc. contracted for the interstate transportation of the shipment of iPhones from Libertyville, Illinois to Carrollton, Texas.  *Id*. at ¶ 3.5.  Plaintiff contends that Forward Air "transported the shipment from O'Hare Airport in Chicago, Illinois, to Dallas/Fort Worth Airport in Dallas, Texas." *Id*. at ¶ 3.7.  Plaintiff alleges that "Defendants T.S. Express, Inc., Normark of Texas, LLC, Oscar Macedo Campuzano, and Forward Air Corporation, as carriers in this matter agreed to provide [sic] the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice." *Id*. at ¶ 3.11.  It is unclear in Plaintiff's Complaint what causes of action it specifically alleges against Forward Air or how any of these potential causes of action are either factually supported or plausible.  However, Plaintiff claims a litany of causes of action against Forward Air in general including "negligence, gross negligence, breach of contract of carriage, breach of bailment, failure to perform services in a workmanlike manner and/or breach of implied and/or express warranties on the part of Defendants, and conversion while the shipment of iPhones was under Defendants' exclusive care, custody and control." *Id*. at ¶ 3.12.  Plaintiff alleges and seeks recovery of damages for loss and/or damage to cargo in the amount of $187,146.75.  *Id*. at ¶ 3.15.

## **LEGAL STANDARD**

Forward Air moves to dismiss Plaintiff's causes of action for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(6), the Court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the [party asserting the claims].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Although detailed factual allegations are not required, Plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

## ANALYSIS

Plaintiff's claims against Forward Air, other than a single claim for loss and/or damage to cargo asserted pursuant to the Carmack Amendment, are preempted and should be dismissed.

### 1. *The Carmack Amendment Completely Preempts All State Law Claims Arising Out of the Interstate Transportation of Cargo*

In 1906, Congress enacted the Carmack Amendment to create a national policy regarding an interstate carrier's liability for property loss, damage to cargo, or delay in delivery. *New York, New Haven & Hartford Railroad Co. v. Nothnagle*, 346 U.S. 128, 131 (1953). The liability of motor carriers regulated by the Surface Transportation Board for loss and damage arising from an interstate shipment is exclusively governed by the Carmack Amendment. 49 U.S.C. § 14706, *et seq.*; *Hoskins v. Bekins Van Lines, LLC*, 343 F.3d 769, 778 (5th Cir. 2003). Under the Carmack Amendment, a shipper may only recover for the actual losses resulting from damage to cargo caused by the interstate carriers involved in the shipment. 49 U.S.C. § 14706. The Carmack Amendment provides, in relevant part, as follows:

> (1) Motor Carriers and Freight Forwarders. – A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. **That carrier and any other carrier that delivers the property and <u>is providing transportation or service</u> subject to jurisdiction under subchapter I or III of chapter 135 or 105 are liable to the person entitled to recover under the receipt or bill of lading.**

49 U.S.C. § 14706(a)(1) (emphasis added).

Since its enactment, Carmack has been found to have fully occupied the field of interstate carrier liability for loss or damage: "Almost every detail of the subject is covered so completely that there could be no rational doubt that Congress intended to take possession of this subject, and

supersede all state regulation with reference to it . . ." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505-6 (1913). Indeed:

> [I]t is not disputable that what is known as the Carmack Amendment to the act to regulate commerce… was an assertion of the power of Congress over the subject of interstate shipments, the duty to issue bills of lading, and the responsibilities thereunder, which, in the nature of things, excluded state action.

*Atchison, T. & S.F. Ry. Co. v. Harold*, 241 U.S. 371, 377-78 (1916). Relying on the reasoning of *Adams Express Co.* and *Atchison*, then the whole "subject of interstate shipments" is regulated by Congress. *Id*. The liability of a motor carrier who provides interstate transportation or other service is governed exclusively by the Carmack Amendment.

Congress' intent in enacting the Carmack Amendment was to ensure the uniform application of liability of motor carriers traveling between states, as recognized by the Fifth Circuit, as follows:

> [A] purpose of the Carmack Amendment was to "substitute a paramount and national law as to the rights and liabilities of interstate carriers subject to the Amendment…" Therefore, we find that the district court correctly held that federal law, via the Carmack Amendment, preempts the [Plaintiffs'] state law claims. To hold otherwise would only defeat the purpose of the statute, which was to create uniformity out of disparity.

*Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305 (5th Cir. 1993) (upholding the Carmack Amendment's preemption of a shipper's state law claims against a motor carrier engaged in interstate transport). The Fifth Circuit explained the exclusive nature of federal preemption of actions for loss or damage to goods in interstate transportation as follows:

> We are persuaded by the preceding decisions and analysis offered by the Supreme Court, and this Court, that Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*. Accordingly, we hold that the complete preemption doctrine applies.

*Hoskins*, 343 F.3d at 778 (emphasis in original).  Every circuit court that has addressed this issue has come to the same conclusion.[1]  Similarly, Texas federal district courts – including the Northern District of Texas – have uniformly recognized the broad preemption of the Carmack Amendment and have rejected similar attempts by shippers to sidestep Carmack preemption by asserting state statutory and common law causes of action.  *See, e.g., Hayes v. Stevens Van Lines, Inc.,* No. 4:14-cv-982-O, 2015 WL 11023794 (N.D. Tex. Jan. 27, 2015)*; Wise Recycling, LLC v. M2 Logistics,* 943 F. Supp. 2d 700, 703 (N.D. Tex. 2013).[2]

The scope of federal preemption in the area of interstate transport by motor carrier is broad and captures claims involving *any* failure on the part of the carrier to fulfill its obligations under the bill of lading contract.  For example, in *Adams Express Co.*, the Court held that any state regulation of interstate transportation was preempted by the Carmack Amendment.

> Almost every detail of the subject is covered **_so completely_** that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it… But when Congress acted in such a way as to manifest a purpose to exercise its conceded authority, the regulating power of the state ceased to exist.

---

[1] *See, inter alia, Air Prods. and Chem., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 486 (5th Cir. 1983); *Intech v. Consd. Freightways*, 836 F.2d 672, 677 (1st Cir. 1987); *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 377 (2d Cir. 1994); *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 706-7 (4th Cir. 1993); *Baker Perkins, Inc. v. Midland Moving & Storage Co.*, 920 F.2d 1301, 1306 (6th Cir. 1990); *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 284 (7th Cir. 1997); *Underwriters at Lloyds of London v. D Lux Van Lines*, 890 F.2d 1112, 1120 (10th Cir. 1989) (en banc) ("Because of the extensive history of Supreme Court interpretation of the Carmack Amendment it is hardly surprising that every circuit which has considered the matter… has either held or indicated it would hold that the Carmack Amendment preempts state common law remedies against a carrier for negligent damage to goods shipped under a proper bill of lading.") (emphasis added).

[2] *See, inter alia, Cioppa v. Schultz,* SA-16-CV-747-XR, 2016 WL 6652764 (W.D. Tex. Nov. 10, 2016); *Haulmark Services, Inc. v. Solid Group Trucking, Inc.*, No. H-14-0568, 2014 WL 5768685, at *2 (S.D. Tex. Nov. 5, 2014); *Siemens Water Tech. Corp. v. Trans-United, Inc.*, No. 4:11-cv-3272, 2013 WL 4647658, at *4 (S.D. Tex. Aug. 29, 2013); *Harang v. Delta Moving Services, Ltd.*, No. H-10-1953, 2011 WL 1103650 (S.D. Tex. 2011); *Hauck v. Bekins Van Lines, LLC*, No. H-10-3314, 2010 WL 4705264, at *1 (S.D. Tex. Nov. 12, 2010); *Tran Enterprises, LLC v. DHL Express (USA), Inc.*, No. H-08-2748, 2009 WL 4604660 (S.D. Tex. Dec. 3, 2009); *Suttle v. Landstar Inway, Inc.*, No. H-08-858, 2009 WL 1297470 (S.D. Tex. May 4, 2009); *Advantage Transp., Inc. v. Freeways Exp., LLC*, No. 4:08-CV-206-A, 2008 WL 5062672, at *2 (N.D. Tex. Nov. 25, 2008); *Ferrostaal, Inc. v. Seale*, 170 F. Supp. 2d 705, 707 (E.D. Tex. 2001); *Landess v. North American Van Lines, Inc.*, 977 F. Supp. 1274, 1277 (E.D. Tex. 1997).

226 U.S. at 505-6 (emphasis added) (citations omitted).  Indeed, the Carmack Amendment is "comprehensive enough to embrace responsibility for **_all losses_** resulting from **_any_** failure to discharge a carrier's duty as to any part of the agreed transportation…" *Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916) (emphasis added).  Likewise, the Fifth Circuit has held that the scope of the Carmack Amendment's preemption encompasses not only the actual transport activities, but other acts of the motor carrier in connection with the interstate transport, stating:

> [T]he Supreme Court and Fifth Circuit have found preemption not only in cases where there was actual damage to the goods shipped, but also when there has been "any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination."

*Tran Enterprises, LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1008-9 (5th Cir. 2010).  The federal statutes provide that a motor carrier's household goods transportation services include "protective packing and unpacking of individual items at personal residences" and "loading and unloading at personal residences."  49 U.S.C. § 13102 (12).

Accordingly, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."  *Hoskins*, 343 F.3d at 773; *see also Patriot Signs, Inc. v. SAIA Motor Freight Lines, LLC*, 616 F. Supp. 2d 646, 649 (N.D. Tex. 2009) ("…[T]he instant action [involving damage as the result of the motor carrier's actions in transporting a sign through interstate activity] is governed by the Carmack Amendment.").  The Carmack Amendment – not state law remedies – operates to govern the liability of a motor carrier engaged in interstate commerce.  Thus, the relief sought in Plaintiff's Complaint for damages pursuant to causes of action other than damages to cargo pursuant to the Carmack Amendment is completely preempted

and should be dismissed.

### 2. *Plaintiff's State Claims for Negligence and Other Claims Should be Dismissed With Prejudice*

Plaintiff's Complaint seeks damages solely resulting from damage to cargo under the Carmack Amendment. Plaintiff's Complaint expressly states that its claim for damage relates to the interstate transportation of cargo by a carrier in interstate commerce between Libertyville, Illinois and Carrollton, Texas, and seeks relief for the alleged damages to the cargo in an amount that well exceeds $10,000 [Dkt. #1 at ¶¶ 3.7, 3.11, 3.15]. Accordingly, Plaintiff's remaining state law claims for negligence, gross negligence, breach of contract of carriage, breach of bailment, failure to perform services in a workmanlike manner and/or breach of implied and/or express warranties, conversion and any other claims for damages asserted therein are preempted by the Carmack Amendment and should be dismissed with prejudice.

In considering the scope of Carmack Amendment preemption, the United States Court of Appeals for the Fourth Circuit concluded that the Carmack Amendment preempted a plaintiff's state law claims. In *Shao*, certain personal property was to be shipped from Taiwan to Baltimore, but the property was inadvertently sent to a warehouse in Miami, Florida, where it was destroyed by fire. *Shao v. Link Cargo (Taiwan) Ltd.*, 986 F.2d 700, 701 (4th Cir. 1993). The plaintiff brought a claim, *inter alia*, for breach of contract and negligence against several parties involved in the interstate shipment. After a detailed discussion of the Carmack Amendment and its broad preemptive effect, the Court concluded that the Amendment preempted the plaintiff's common law breach of contract and negligence claims stating:

> Today we ... conclude that the Carmack Amendment was intended by Congress to create a national uniform policy regarding the liability of carriers under a bill of lading for goods lost or damaged in a shipment. *Allowing a shipper to bring common law breach of contract or negligence claims against a carrier for such*

> *loss or damage conflicts with this policy.* We therefore agree that if the Interstate Commerce Commission had jurisdiction over their shipment in this case, [Plaintiff's], common law claims are preempted by the Carmack Amendment.

*Shao*, 986 F.2d at 706-707 (emphasis added).

The Fifth Circuit was presented with a similar set of facts in *Hoskins* when the plaintiff filed suit against Bekins Van Lines after her goods were damaged and lost in interstate transit from Houston, Texas to Keswick, Virginia. *Hoskins*, 343 F.3d at 771-72. The plaintiff's complaint in *Hoskins* contained causes of action for negligence, breach of contract, and violation of the Texas Deceptive Trade Practices Act. *Id.* The Fifth Circuit affirmed the district court's dismissal of the plaintiff's state law claims holding that the Carmack Amendment was the exclusive cause of action available to plaintiffs for loss or damage to goods arising from the interstate transportation of those goods. *Id.*; *see also Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013).

Like all other state law claims, courts have held that negligence claims are preempted by the Carmack Amendment. *See Hayes*, No. 4:14-cv-982-O, 2015 WL 11023794, at *3 (N.D. Tex. Jan. 27, 2015) ("Because Plaintiffs seek damages in the amount of their damaged household items, the Court finds that this claim is preempted by the Carmack Amendment."); *United Van Lines, LLC v. Jackson*, 467 F. Supp. 2d 711, 715 (S.D. Tex. 2006); *Wise Recycling v. M2 Logistics*, 943 F. Supp. 2d 700, 703 (N.D. Tex. 2013) ("Under Carmack Amendment jurisprudence, the complete preemption doctrine applies to cases for common carrier liability, and common law and state-law claims such as negligence and breach of contract are preempted."); *Suttle v. Landstar Inway, Inc.*, No. H-08-858, 2009 WL 1297470, at *4 (S.D. Tex. May 4, 2009); *Fraser-Nash v. All Points Moving & Storage, L.P.*, No. H-07-00004, 2007 WL 419515, at *2 (S.D. Tex. Feb. 5, 2007);

*Global Technology Enterprises v. 4 Way Transport, LLC*, No. 3:16-cv-01601-N, 2017 WL 5075108, at *3 (N.D. Tex. 2017).

Plaintiff's claims for bailment, breach of various warranties, breach of contract, and conversion are likewise preempted. *See Gulf Rice Arkansas, LLC v. Union Pacific Railroad Co.*, 376 F. Supp. 2d 715, 718 (S.D. Tex. 2005).

Because Plaintiff's claims for damages are solely for recovery of loss and/or damage to cargo and are alleged against a carrier transporting cargo in interstate commerce, Plaintiff's state law claims are completely preempted by the Carmack Amendment and should be dismissed.

### 3. *Exemplary or "Other" Damages are Not Recoverable Under the Carmack Amendment*

It is unclear from Plaintiff's Complaint whether Plaintiff seeks exemplary or punitive damages for its allegations of "gross negligence" [Dkt. #1 at ¶¶ 3.12]. However, like Plaintiff's state law claims, the Carmack Amendment preempts and precludes recovery of exemplary or punitive damages. *See Pennsylvania R.R. Co. v. Int'l Coal Mining Co.*, 230 U.S. 184, 199-200 (1913) ("On the civil side the Act provided for compensation – not punishment."). The Fifth Circuit has held:

> In actions seeking damages for the loss of property shipped in interstate commerce by a common carrier under a receipt or bill of lading, the Carmack Amendment is the shipper's sole remedy. That is, the Carmack Amendment preempts any common law remedy that increases the carrier's liability beyond "the actual loss or injury to the property," unless the shipper alleges injuries separate and apart from those resulting directly from the loss of shipped property.

*Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir. 1998); *see also* 49 U.S.C. § 14706(a)(1); *Jackson*, 467 F. Supp. 2d at 715; *Franyutti v. Hidden Valley Moving and Storage, Inc.*, 325 F. Supp. 2d 775, 777-78 (W.D. Tex. 2004). Notably, Congress intended for the Carmack Amendment to provide "*the exclusive cause of action for loss or damages to goods arising from*

*the interstate transportation of those goods by a common carrier.*" *Hoskins*, 343 F.3d at 778 (emphasis in original).

*Covan*, *Gordon,* and *Cleveland* construed the United States Supreme Court's holding in *Adams Express Co.* to have adopted a general rule that the Carmack Amendment preempts any right or remedy "inconsistent" with those expressly provided by the Amendment. *Covan*, 144 F.3d at 382; *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 284 (7th Cir. 1997); *Cleveland v. Beltman N. Am. Co.*, 30 F.3d 373, 379 (2d Cir. 1994); *Adams Express Co.*, 226 U.S. at 505-6. Federal common law remedies, these courts have held, are inconsistent with the Carmack Amendment essentially because their availability would create an uncertainty in liability that the Amendment was enacted to eliminate. *See id*. ("the availability of punitive damages would frustrate the goal of the Carmack Amendment"); *Gordon*, 130 F.3d at 287 ("Even if we assume that a federal common law rule with respect to punitive damages would be uniform nationally, the punitive damages remedy would displace the package of remedies that the Interstate Commerce Act contains, and would allow precisely the uncertainty the Carmack Amendment was designed to bar."). Thus, to the extent Plaintiff is seeking exemplary or otherwise punitive damages, such claims should likewise be dismissed.

## CONCLUSION

For the reasons stated herein, Forward Air respectfully request that its Motion to Dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be granted, and Plaintiff's state law claims for including "negligence, gross negligence, breach of contract of carriage, breach of bailment, failure to perform services in a workmanlike manner and/or breach of implied and/or express warranties on the part of Defendants, and conversion while the shipment

of iPhones was under Defendants' exclusive care, custody and control" should be dismissed with prejudice. If Plaintiff is permitted to assert any state law causes of action against Forward Air in this action, the very purpose of the Carmack Amendment to provide uniformity in interstate transportation services would be circumvented and federal regulation of the interstate transportation industry nullified. Plaintiff's state law claims against Forward Air should, therefore, be dismissed with prejudice and Plaintiff ordered to replead a single cause of action against Forward Air arising under the Carmack Amendment. Forward Air further requests such other and further relief to which Forward Air may demonstrate itself justly entitled.

Respectfully submitted,

By: */s/ Emileigh S. Hubbard*
Vic Houston Henry
TBA No. 09484250
vhhenry@hoaf.com
Emileigh Stewart Hubbard
TBA No. 24076717
ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER**
   **a Professional Corporation**

1700 Pacific, Suite 2700
Dallas, Texas 75201
Telephone: (214) 658-1900
Facsimile:  (214) 658-1919

**ATTORNEYS FOR DEFENDANT**
**FORWARD AIR CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served via the Court's CM/ECF electronic filing system on the following counsel of record in accordance with the Federal Rules of Civil Procedure on this 9th day of July, 2019.

Jeffrey R. Bale
jbale@balelawfirm.com
Anna DeMaggio
ademaggio@balelawfirm.com
The Bale Law Firm, PLLC
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478

                                                                 /s/ *Emileigh S. Hubbard*
                                                                   Emileigh S. Hubbard