IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA<br> *Plaintiff*,<br><br>V.<br><br>BACARELLA TRANSPORTATION SERVICES, INC. D/B/A BTX GLOBAL LOGISTICS, SPRINT CORPORATION, BRIGHTSTAR INTERNATIONAL CORP. D/B/A BRIGHTSTAR CORP., T.S. EXPRESS, INC., FORWARD AIR CORPORATION, NORMARK OF TEXAS, LLC, AND OSCAR MACEDO CAMPUZANO<br> *Defendants* | C.A. No. 3:19-CV-01364-X |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, National Union Fire Insurance Company of Pittsburgh, PA, underwriter for AIG and subrogee for Western Tech Systems, Inc., ("**Plaintiff**") and files this Second Amended Complaint. Pursuant to the representations by counsel for Defendant Brightstar International Corp. and counsel for Sprint Corporation, Plaintiff adds Brightstar US, LLC and Sprint/United Management Company, respectively, as defendants to this lawsuit.

Plaintiff respectfully shows this Honorable Court as follows:

**I.
Jurisdiction and Venue**

1.1   This action arises from loss of cargo, a tort, breach of contract, and/or conversion, and it is within the jurisdiction of the United States and of this Honorable Court pursuant to the federal and common law.

1.2     Venue is proper in this Court pursuant to 28 U.S. Code Annotated § 1391 because substantial part of events giving rise to Plaintiff's claims occurred here, Defendant Normark of Texas, LLC resides in this District, and the damages occurred within the Northern District of Texas.

1.3     Jurisdiction is proper in this Court pursuant to 28 U.S. Code Annotated § 1332(a) and § 1391 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1.4     Pleading in the alternative, the claims alleged in this complaint contain a cause of action for non-delivery of cargo under the Carmack Amendment, 49 U.S.C.A. § 14706. Accordingly, this court has jurisdiction over this claim pursuant to 28 U.S.C.A. § 1331.

## II.
## Parties and Service of Process

2.1     Plaintiff is a Pennsylvania corporation with its principal place of business at in New York, New York.

2.2     On information and belief, Defendant, Sprint Corporation ("**Sprint**"), is a Delaware corporation with its principal place of business located at 6200 Sprint Parkway, Overland Park, Kansas 66251.  At all material times provided, Sprint conducted an auction and was the seller of the smartphones made basis of this lawsuit.  Sprint has appeared in this matter and may be contacted through its counsel of record, Ms. Lishel M. Bautista at McGuireWoods LLP, 2000 McKinney Avenue, Suite 1400, Dallas, Texas 75201, LBautista@mcguirewoods.com, and Mr. Brooks H. Spears at McGuireWoods, LLP, 1750 Tysons Blvd., Suite 1800, Tysons, Virginia 22102-4215, BSpears@mcguirewoods.com.  However, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its registered agent,

Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

2.3    On information and belief, Defendant, Sprint/United Management Company ("**Sprint United Management**"), is a corporation organized and existing under the laws of the State of Kansas with a principal place of business at 6500 Sprint Pkwy, Overland Park, Kansas 66251-0001.  At all material times provided, Sprint United Management was acting as Sprint's agent.  Sprint United Management is registered to do business in Texas.  Pursuant to Fed.R.Civ.P. Rules 4(b) and (c), the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its registered agent, The Prentice-Hall Corporation Systems, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

2.4    On information and belief, Defendant, Brightstar International Corp. d/b/a Brightstar Corporation ("**Brightstar**"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at  9725 NW 117th Ave, Suite 300, Miami, Florida 33178.  At all material times provided, it was the shipper of the cargo made basis of this lawsuit.  Brightstar has appeared in this matter and may be contacted through its counsel of record, Mr. Randy D. Gordon at RGordon@btlaw.com and Mr. Lucas C. "Luke" Wohlford at LWohlford@btlaw.com, both with Barnes & Thornburg, LLP, 2121 North Pearl Street, Suite 700, Dallas, Texas 75201-2469.  However, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 N. Orange Street, Wilmington, Delaware 19801.

2.5    On information and belief, Defendant, Brightstar US, LLC. ("**Brightstar US**"), is

a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 9725 NW 117th Ave., Suite 105, Miami, Florida 33178.  At all material times provided, Brightstar US was acting as Brightstar's agent. On information and belief, the company's members consist of Joe Kalinoski, Catherine A. Smith, Jack Negro, and Chad Meadinger, all of whom are Florida citizens.  Brightstar US is registered to do business in the State of Texas.  Pursuant to Fed.R.Civ.P. Rules 4(b) and (c), the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

2.6     On information and belief, Defendant, Forward Air Corporation ("**Forward Air**"), is a corporation organized and existing under the laws of the State of Tennessee with its principal place of business located at 1915 Snapps Ferry Road, Building N, Greeneville, Tennessee 37745-3661.  At all material times provided, Forward Air was the common carrier of the cargo made the basis of this lawsuit that carried the cargo through several U.S. states from Illinois to Texas. Forward Air has appeared in this matter and may be contacted through its counsel of record, Mr. Vic Houston Henry at VHHenry@hoaf.com and Ms. Emileigh Stewart Hubbard at EHubbard@hoaf.com, both with Henry Oddo Austin & Fletcher, P.C., 1700 Pacific Avenue, Suite 2700, Dallas, Texas 75201. However, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its registered agent, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

2.7     On information and belief, Defendant, T.S. Express, Inc. ("**T.S. Express**"), is an

Illinois corporation not registered to do business in Texas, and, pursuant to Fed.R.Civ.P. Rules 4(b) and (c), Tex.R.Civ. P. Rule 106, Tex. Civ. Prac. & Rem Code §17.026, and Tex. Admin. Code §17.21, the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the <u>Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, who is requested to then serve this Defendant at its registered agent,</u> Alan J. Gabrys, 3255 N. Arlington Heights Road #509, Arlington Heights, Illinois 60004.

2.8     On information and belief, Defendant, Bacarella Transportation Services, Inc. d/b/a BTX Global Logistics ("**BTX**"), is a corporation organized and existing under the laws of the State of Connecticut, and at all material times provided, was the logistics company (acting as a freight forwarder or broker) responsible for delivery of the cargo made the basis of this lawsuit across the U.S. states from Illinois to Texas.  Defendant BTX has appeared and answered in this matter and may be contacted through its counsel of record, Mr. James R. "Randy" Koecher at rkoecher@brownsims.com and Mr. Michael D. Williams at mwilliams@brownsims.com, both with Brown Sims, P.C. at 1177 West Loop South, 10th Floor, Houston, Texas 77027, and Mr. Antonio C. "Chris" Rodriguez with Hermes Law, P.C., 2001 N. Lamar St., Suite 450, Dallas, Texas 75202, chris@hermes-law.com.

2.9     On information and belief, Defendant, Normark of Texas, LLC ("**Normark**"), is a limited liability company organized and existing under the laws of the State of Texas, and at all material times provided, was the common motor carrier of the cargo made the basis of this lawsuit within Texas.  On information and belief, the company's members consist of Malinda Hall and Sherman Hall, both of whom are Texas citizens and reside at 14691 Day Rd., Roanoke, Texas 76262-6360.  Defendant Normark signed the Waiver of the Service of Summons and further accepted service through its counsel, Mr. John W. Greene with Scopelitis, Garvin, Light, Hanson & Feary, P.C. at 777 Main Street, Suite 3450, Fort Worth, Texas 76102, jgreene@scopelitis.com,

and Ms. Kathleen C. Jeffries with Scopelitis, Garvin, Light, Hanson & Feary, P.C. at 2 North Lake Avenue, Suite 560, Pasadena, California 91101, kjeffries@scopelitis.com.

2.10 On information and belief, Defendant, Oscar Macedo Campuzano ("**Campuzano**"), is a citizen of Illinois. Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the Texas Civil Practice and Remedies Code, and Rule 4(e) of the Federal Rules of Civil Procedure, the Clerk is requested to issue and serve it with two copies of the summons and this Complaint through the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079 and through the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483, that are requested to then serve this Defendant at his residence, at 7500 Elmhurst Road, Lot 39, Des Plaines, Illinois, 60018 or at the place of his employment at T. S. Express Inc., 1125 McCabe Ave, Elk Grove Village, IL 60007 or wherever he may be located.

### III.
### Basis for Complaint and Causes of Action

3.1 Plaintiff's insured, EcycleTek, Inc., purchased the smartphones at a Sprint Auction and paid $420,135.02 (Four Hundred Twenty Thousand One Hundred Thirty-Five U.S. Dollars and Two Cents) for the full shipment of the smartphones, per the Sprint Invoice No. AUC-0001286 dated June 2, 2017 (attached hereto as **Exhibit A**).

3.2 Plaintiff's insured, ExportTek, Inc. then purchased and was the rightful owner of the shipment of the smartphones. The shipment included 829 iPhones 6S, priced at $187,146.75 (One Hundred Eighty-Seven Thousand One Hundred Forty-Six U.S. Dollars and Seventy-Five Cents), and contained in lot ID No. 052517-D020, per the Purchase Order No. PO2624 dated June 2, 2017 (attached hereto as **Exhibit B**).

3.3 On information and belief, in return for good and valuable consideration, Defendants Brightstar and Brightstar US stored the full shipment of the iPhones at the Brightstar

warehouse in Libertyville, Illinois, as evidenced by the Brightstar Freight Shipping Tracker Form (attached hereto as **Exhibit C**).

3.4 On information and belief, in return for good and valuable consideration, T.S. Express transported the shipment of the iPhones in Illinois. Pursuant to the Brightstar Driver Information Sheet, Defendant Campuzano, a truck driver for T.S. Express with license No. M232-640-6037, agreed to provide and provided the carriage services in delivering the cargo to O'Hare International Airport (attached hereto as **Exhibit D**).

3.5 On information and belief, Defendant BTX agreed to ship and shipped under the contract of carriage the iPhones from Brightstar's warehouse in Libertyville, Illinois, to EcycleTek, Inc.'s warehouse in Carrollton, Texas.

3.6 On information and belief, Defendant BTX arranged for the pickup of the shipment from the Brightstar warehouse and for the transportation of the shipment therefrom to the lawful owners in Carrollton, Texas, in the good order, condition, and quantity as described in the Sprint Invoice. On or about June 8, 2017, Defendant BTX issued its Airbill No. DFW20026750 confirming carriage of the cargo without any exceptions (attached hereto as **Exhibit E**).

3.7 On or about June 12, 2017, Defendant BTX submitted its invoice No. 91800013497 for the transportation logistics of the shipment from the Brightstar warehouse in Libertyville, Illinois, to ExportTek, Inc.'s warehouse in Carrollton, Texas (attached hereto as **Exhibit F**).

3.8 On information and belief, under the contract of carriage and on return for good and valuable consideration, Defendant Forward Air agreed to carry and carried the shipment from O'Hare International Airport to Dallas Fort Worth International Airport (attached hereto as **Exhibit G**). On information and belief, Forward Air carried the shipment by air.  (see **Exhibit H** hereto).

3.9 On information and belief, at Dallas Fort Worth International Airport, Defendant

Normark, a Texas trucking company, agreed to carry and carried the shipment in return for good and valuable consideration within Texas to ExportTek, Inc.'s warehouse in Carrollton, Texas.

3.10 On or about June 12, 2017, an employee of ExportTek, Inc. or its parent or affiliated company, discovered the loss of the 829 iPhones 6S from LOT No. 052517-D020. Plaintiff's insured reported the loss to Defendant Brightstar on or about June 12, 2017 and to Defendant Sprint on or about June 15, 2017. On August 18, 2017, Defendant Sprint sent an email communication denying liability for the claim (attached hereto as **Exhibit I**).

3.11 Plaintiff remitted payment to ExportTek, Inc., insured under the Plaintiff's insurance policy (attached hereto as **Exhibit J**), on the claim for the loss of the iPhones owned by the insured. Plaintiff seeks to recover the amount it paid for the partial loss of the shipment of iPhones.

3.12 In consideration of paid purchase, storage, and freight charges, Defendants Sprint, Sprint United Management, Brightstar, and Brightstar US agreed to provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, package, carry and discharge the shipment of iPhones in the good order and condition as described in the Sprint invoice. Defendants Brightstar and Brightstar US agreed to, as bailees and/or warehousemen for hire, to safely care for and store the iPhones.

3.13 In consideration of paid freight charges, T.S. Express, Normark, Campuzano, and Forward Air, as carriers in this matter, agreed to provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice.

3.14 In consideration of paid freight charges, Defendant BTX, as a freight forwarder or broker in this matter, agreed to arrange for and provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in

the good order and condition as described in the Sprint invoice. Neither Defendant BTX nor Defendant Forward Air had any exceptions regarding the shipment of the iPhones noted in their contracts of carriage.

3.15  The loss of 829 iPhones from the entire shipment was the direct and proximate result of the actions or inactions of Defendants BTX, Sprint, Sprint United Management, Brightstar, Brightstar US, T.S. Express, Normark, Campuzano, and Forward Air (jointly referred to as "**Defendants**"), whether jointly or separately, which acts or failures to act constitute negligence, gross negligence, breach of contract of carriage, breach of bailment, failure to perform services in a workmanlike manner and/or breach of implied and/or express warranties on the part of Defendants, and conversion while the shipment of iPhones was under Defendants' exclusive care, custody and control.

3.16  Defendants BTX, T.S. Express, Normark, and Forward Air breached their agreements of carriage and did not deliver the cargo in good order, quantity, and condition as described in the Sprint Invoice.  To the contrary, Defendants BTX, T.S. Express, Normark, and Forward Air, and each of them, failed to deliver the iPhones to their final destination.

3.17  Pleading in the alternative, Defendants Brightstar, Brightstar US, Sprint, and Sprint United Management, whether jointly or separately, breached their bailment agreement by failure to tender 829 iPhones as part of the entire shipment.

3.18  The negligence of Defendants Sprint, Sprint United Management, Brightstar, Brightstar US, and their agents and/or employees includes, but is not limited to, the following:

    3.18.1  Failure to properly store, protect, safeguard, and care for the shipment.

    3.18.2  Negligent hiring of the warehouse staff.

    3.18.3  Failure to supervise their employees.

    3.18.4  Failure to take precautions that will be revealed during discovery.

3.19    The negligence of Defendants T.S. Express, Forward Air, Normark, and their agents and/or employees includes, but is not limited to, the following:

    3.19.1    Failure to use due diligence while transporting and storing the shipment of iPhones.

    3.19.2    Failure to properly store, protect, safeguard, and care for the shipment.

    3.19.3    Negligent hiring of the operators of the transportation companies.

    3.19.4    Failure to take precautions that will be revealed during discovery.

    3.19.5    Failure to supervise their employees.

3.20    The negligence of Defendant BTX and its agents and/or employees includes, but is not limited to, the following:

    3.20.1    Negligent hiring of transportation companies and their operators.

    3.20.2    Failure to properly store, protect, safeguard, and care for the shipment.

    3.20.3    Failure to take precautions that will be revealed during discovery.

3.21    The agents and/or employees of Defendants BTX, T.S. Express, Forward Air, and Normark, all experts in the business as common carriers, took unconscionable advantage of Plaintiff's insured, who had no experience or expertise in the area, and used superior knowledge and experience to lead Plaintiff's insured to believe that the property was fully secured while in the care, custody, or control of the agents and/or employees of Defendants BTX, T.S. Express, Forward Air, and Normark, to the detriment of Plaintiff's insured.

    3.21.1    Defendants BTX' and Forward Air's agents knowingly, willfully, and/or negligently failed, in violation of 49 U.S.C.A. § 14901, to make full, true and correct entries on the bill of lading and airbill furnished to Plaintiff.  Namely, Defendants BTX and Forward Air failed to note in the BTX Airbill and in the Forward Air Waybill, any exceptions regarding the cargo, re-weighing of the cargo, the mode of transportation or the type of goods shipped, and

omitted other material information including, but not limited to, a statement of the total charges. (attached hereto as **Exhibits E and G**).

3.21.2   Defendants Brightstar, Brightstar US, Sprint, Sprint United Management, BTX, Forward Air, T.S. Express, Normark, and their agent and/or employees were negligent in the hiring of their employees when they knew or by exercise of reasonable care should have known that the employees were not to be entrusted with the care, custody and control of goods owned by Plaintiff's insured.

3.21.3   Defendants Sprint, Sprint United Management, Brightstar, Brightstar US, BTX, and Forward Air were negligent in the delay in the handling of Plaintiff's claim for damages and settling the amount of loss of the goods that the Plaintiff's insured was to receive but had not received.

3.22   Plaintiff further invokes and relies upon the doctrines of *res ipsa loquitur* and *respondeat superior* because the character of the loss was such that it would not have happened in the absence of negligence, and the events causing the occurrence, including without limitation, the handling and carriage of the lost iPhones, was exclusively within Defendants' management and control and/or within the management and control of Defendants' subordinates, employees, agents, subcontractors, and/or independent contractors hired by Defendants.

3.23   As a direct and proximate result of this negligence, breach of contract, and breach of bailment, Plaintiff's insured, and ultimately Plaintiff, suffered a total loss of the property.

3.24   Pleading in the alternative, Defendants Sprint, Sprint United Management, Brightstar, Brightstar US, BTX, T.S. Express, Forward Air, Normark, and Campuzano, and/or their agents and/or employees, whether jointly or separately, wrongfully exercised dominion or control over the 829 iPhones as part of the entire shipment made the basis of this lawsuit, legally owned by Plaintiff's insured, ExportTek, Inc.  As a result of this unlawful exercise of dominion or

control by Defendants Sprint, Sprint United Management, Brightstar, Brightstar US, BTX, T.S. Express, Forward Air, Normark, and Campuzano, and/or their agents and/or employees, whether jointly or separately, Plaintiff's insured, and ultimately Plaintiff, suffered injuries.

3.25    Pleading in the alternative, if discovery reveals that Forward Air agreed to carry and carried cargo by truck as opposed to by air, then the loss of 829 iPhones in this case was proximately caused in whole or in part by the events during interstate road carriage when the cargo was in the actual, constructive, or contractual custody of Defendants BTX, T.S. Express, Campuzano, Forward Air, and/or Normark, and/or their employees and/or agents within the meaning of the Carmack Amendment.  By reason of the foregoing premises, Defendants BTX, T.S. Express, Campuzano, Forward Air, and Normark are liable as carriers under the Carmack Amendment.

3.26    Plaintiff's damages were reasonably foreseeable, and it has sustained damages totaling at least **$187,146.75** (One Hundred Eighty-Seven Thousand One Hundred Forty-Six U.S. Dollars and Seventy-Five Cents).

## IV.
## JURY DEMAND

4.1    Plaintiff demands a jury trial and tendered the appropriate fee with its Original Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, requests that Defendants Sprint, Sprint/United Management, Brightstar, Brightstar US, T.S. Express, BTX, Forward Air, Normark, and Campuzano be required to appear and answer under oath, all and singular, the matters aforesaid, and after jury trial of the merits of this case, Plaintiff have judgment against Defendants for its damages as alleged herein, punitive damages, reasonable attorney's fees, plus pre-judgment and post-judgment interest at the

maximum legal rates, all costs of Court, and all other and further relief, be it general or special, at law or in equity, to which Plaintiff may be justly entitled.

            Respectfully submitted,

            DOWNS♦STANFORD, P.C.

            *//s// Timothy U. Stanford*    *
            Timothy U. Stanford
            State Bar No. 19041030
            Fed. I.D. No. 14285
            2001 Bryan Street, Suite 4000
            Dallas, Texas 75201
            Phone: (214) 748-7900
            Fax: (214) 748-4530
            Email: tstanford@downsstanford.com
            *Attorney for Plaintiff, National Union Fire*
            *Insurance Company of Pittsburgh, PA*

*\*Electronic signature by permission.*

            THE BALE LAW FIRM, PLLC

            *//s// Jeffrey R. Bale*
            Jeffrey R. Bale
            State Bar No. 01629800
            Federal ID No. 3324
            Kensington I, Suite 200
            1600 Highway 6 South
            Sugar Land, Texas 77478
            Phone: (281) 295-6000
            Fax: (281) 295-6010
            Email: jbale@balelawfirm.com
            *Attorney for Plaintiff,*
            *National Union Fire Insurance Company*
            *of Pittsburgh, PA*

OF COUNSEL:
Anna DeMaggio
State Bar No. 24105795
Federal ID No. 3307509
THE BALE LAW FIRM, PLLC
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Phone:  (281) 295-6000
Fax:  (281) 295-6010
Email:  ademaggio@balelawfirm.com
*Attorney for Plaintiff,*
*National Union Fire Insurance*
*Company of Pittsburgh, PA*

# CERTIFICATE OF SERVICE

      I, the undersigned, hereby certify that I am a member of THE BALE LAW FIRM, PLLC, attorneys for the Plaintiff herein, and that I have provided a copy of the foregoing to all counsel of record via the ECF Filing System and/or via electronic mail this **26th** day of **November**, **2019**.

**Via the ECF Filing System**
Mr. James R. Koecher
Mr. Michael D. Williams
Brown Sims, P.C.
1177 West Loop South, 10th Floor
Houston, Texas 77027
*Counsel for Defendant,*
*Bacarella Transportation Services, Inc.*
*d/b/a BTX Global Logistics*

**Via the ECF Filing System**
Mr. Antonio C. "Chris" Rodriguez
Hermes Law, P.C.
2001 N. Lamar St., Suite 450
Dallas, Texas 75202
*Local Counsel for Defendant,*
*Bacarella Transportation Services, Inc.*
*d/b/a BTX Global Logistics*

**Via the ECF Filing System**
Mr. Vic Houston Henry
Ms. Emileigh Stewart Hubbard
Henry Oddo Austin & Fletcher, P.C.
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
*Counsel for Defendant,*
*Forward Air Corporation*

**Via the ECF Filing System**
Ms. Lishel M. Bautista
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
*Local Counsel for Defendant,*
*Sprint Corporation*

**Via the ECF Filing System**
Mr. Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Blvd., Suite 1800
Tysons, Virginia 22102-4215
*Counsel for Defendant,*
*Sprint Corporation*

**Via the ECF Filing System**
Mr. Randy D. Gordon
Mr. Lucas C. "Luke" Wohlford
Barnes & Thornburg, LLP
2121 North Pearl Street, Suite 700
Dallas, Texas 75201-2469
*Counsel for Defendants,*
*Brightstar International Corp.*

**Via Email**
Mr. John W. Greene
Scopelitis, Garvin, Light, Hanson
& Feary, P.C.
SBOT: 08391520
777 Main Street, Suite 3450
Fort Worth, Texas 76102
Ph: (817) 869-1700 (Main)
Fx: (817) 878-9472
Email: jgreene@scopelitis.com
*Local Counsel for Defendant*
*Normark of Texas. LLC*

**Via Email**
Ms. Kathleen C. Jeffries
Scopelitis, Garvin, Light, Hanson
  & Feary, P.C.
2 North Lake Avenue, Suite 560
Pasadena, California 91101
Ph: (626) 345-5025 (Direct)
Fx: (626) 795-4790
Email: kjeffries@scopelitis.com
*Counsel for Defendant*
*Normark of Texas, LLC*

    *//s// Jeffrey R. Bale*
    Jeffrey R. Bale