IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA<br>      *Plaintiff*, | §<br>§<br>§<br>§ | |
| V. | §<br>§ | |
| BACARELLA TRANSPORTATION SERVICES, INC. D/B/A BTX GLOBAL LOGISTICS, SPRINT CORPORATION, BRIGHTSTAR INTERNATIONAL CORP. D/B/A BRIGHTSTAR CORP., T.S. EXPRESS, INC., FORWARD AIR CORPORATION, NORMARK OF TEXAS, LLC, AND OSCAR MACEDO CAMPUZANO<br>      *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | C.A. No. 3:19-CV-01364-X |

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, National Union Fire Insurance Company of Pittsburgh, PA, underwriter for AIG and subrogee for Western Tech Systems, Inc., ("**Plaintiff**") and files its Third Amended Complaint, in accordance with this Honorable Court's order dated September 14, 2020.  Plaintiff complains of and against Bacarella Transportation Services, Inc. d/b/a BTX Global Logistics, Brightstar International Corp. d/b/a Brightstar Corp., T.S. Express, Inc., Forward Air Corporation, Normark of Texas, LLC and Oscar Macedo Campuzano, Defendants herein showing them and this Honorable Court as follows:

**I.**
**Jurisdiction and Venue**

1.1     This action arises from loss of cargo, a tort, breach of contract, and/or conversion, and it is within the jurisdiction of the United States and of this Honorable Court pursuant to the federal and common law.

AIG05-30878*DOCS-#385786-v1-Plaintiff_s_Complaint_-_3rd_Amd.docx

1.2     Venue is proper in this Court pursuant to 28 U.S. Code Annotated § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred here, Defendant Normark of Texas, LLC resides in this District, and the damages occurred within the Northern District of Texas.

1.3     Jurisdiction is proper in this Court pursuant to 28 U.S. Code Annotated § 1332(a) and § 1391 because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1.4     Pleading in the alternative, the claims alleged in this complaint contain a cause of action for non-delivery of cargo under the Carmack Amendment, 49 U.S.C.A. § 14706. Accordingly, this court has jurisdiction over this claim pursuant to 28 U.S.C.A. § 1331.

## II.
## Parties and Service of Process

2.1     Plaintiff is a Pennsylvania corporation with its principal place of business at in New York, New York.

2.2     On information and belief, Defendant, Brightstar International Corp. d/b/a Brightstar Corporation ("**Brightstar**"), has appeared and answered herein.

2.3     On information and belief, Defendant, Brightstar US, LLC. ("**Brightstar US**"), has appeared and answered herein.

2.4     On information and belief, Defendant, Forward Air Corporation ("**Forward Air**"), has appeared and answered herein.

2.5     On information and belief, Defendant, T.S. Express, Inc. ("**T.S. Express**"), has been served with this lawsuit but has yet to appear or answer herein..

2.6     On information and belief, Defendant, Bacarella Transportation Services, Inc. d/b/a BTX Global Logistics ("**BTX**"), has appeared and answered herein.

2.7     On information and belief, Defendant, Normark of Texas, LLC ("**Normark**"), has been served but has yet to answer.

2.8     On information and belief, Defendant, Oscar Macedo Campuzano ("**Campuzano**"), is a citizen of Illinois who has been served with this lawsuit but has yet to appear or answer herein.

## III.
## Basis for Complaint and Causes of Action

3.1     Plaintiff's insured, EcycleTek, Inc., purchased smartphones at a Sprint Auction and paid $420,135.02 (Four Hundred Twenty Thousand One Hundred Thirty-Five U.S. Dollars and Two Cents) for the full shipment of the smartphones, per the Sprint Invoice No. AUC-0001286 dated June 2, 2017 (attached hereto as **Exhibit A**).

3.2     Plaintiff's insured, ExportTek, Inc. then purchased and was the rightful owner of the shipment of the smartphones.  The shipment included 829 iPhones 6S, priced at $187,146.75 (One Hundred Eighty-Seven Thousand One Hundred Forty-Six U.S. Dollars and Seventy-Five Cents), and contained in lot ID No. 052517-D020, per the Purchase Order No. PO2624 dated June 2, 2017 (attached hereto as **Exhibit B**).

3.3     On information and belief, in return for good and valuable consideration, Defendants Brightstar and Brightstar US stored the full shipment of the iPhones at the Brightstar warehouse in Libertyville, Illinois, as evidenced by the Brightstar Freight Shipping Tracker Form (attached hereto as **Exhibit C**).

3.4     On information and belief, in return for good and valuable consideration, T.S. Express transported the shipment of the iPhones in Illinois.  Pursuant to the Brightstar Driver Information Sheet, Defendant Campuzano, a truck driver for T.S. Express with license No. M232-640-6037, agreed to provide and provided the carriage services in delivering the cargo to

O'Hare International Airport (attached hereto as **Exhibit D**).

3.5    On information and belief, Defendant BTX agreed to ship and shipped under the contract of carriage the iPhones from Brightstar's warehouse in Libertyville, Illinois, to EcycleTek, Inc.'s warehouse in Carrollton, Texas.

3.6    On information and belief, Defendant BTX arranged for the pickup of the shipment from the Brightstar warehouse and for the transportation of the shipment therefrom to the lawful owners in Carrollton, Texas, in the good order, condition, and quantity as described in the Sprint Invoice.    On or about June 8, 2017, Defendant BTX issued its Airbill No. DFW20026750 confirming carriage of the cargo without any exceptions (attached hereto as **Exhibit E**).

3.7    On or about June 12, 2017, Defendant BTX submitted its invoice No. 91800013497 for the transportation logistics of the shipment from the Brightstar warehouse in Libertyville, Illinois, to ExportTek, Inc.'s warehouse in Carrollton, Texas (attached hereto as **Exhibit F**).

3.8    On information and belief, under the contract of carriage and on return for good and valuable consideration, Defendant Forward Air agreed to carry and carried the shipment from O'Hare International Airport to Dallas Fort Worth International Airport (attached hereto as **Exhibit G**).    On information and belief, Forward Air carried the shipment by air.    (see **Exhibit H** hereto).

3.9    On information and belief, at Dallas Fort Worth International Airport, Defendant Normark, a Texas trucking company, agreed to carry and carried the shipment in return for good and valuable consideration within Texas to ExportTek, Inc.'s warehouse in Carrollton, Texas.

3.10    On or about June 12, 2017, an employee of ExportTek, Inc. or its parent or affiliated company, discovered the loss of the 829 iPhones 6S from LOT No. 052517-D020. Plaintiff's insured reported the loss to Defendant Brightstar on or about June 12, 2017 and to Sprint on or about June 15, 2017.    On August 18, 2017, Sprint sent an email communication denying liability

for the claim (attached hereto as **Exhibit I**).

3.11    Plaintiff remitted payment to ExportTek, Inc., insured under the Plaintiff's insurance policy (attached hereto as **Exhibit J**), on the claim for the loss of the iPhones owned by the insured.  Plaintiff seeks to recover the amount it paid for the partial loss of the shipment of iPhones.

3.12    In consideration of paid purchase, storage, and freight charges, Defendants Brightstar, and Brightstar US agreed to provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, package, carry and discharge the shipment of iPhones in the good order and condition as described in the Sprint invoice. Defendants Brightstar and Brightstar US agreed to, as bailees and/or warehousemen for hire, to safely care for and store the iPhones.

3.13    In consideration of paid freight charges, T.S. Express, Normark, Campuzano, and Forward Air, as carriers in this matter, agreed to provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice.

3.14    In consideration of paid freight charges, Defendant BTX, as a freight forwarder or broker in this matter, agreed to arrange for and provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice. Neither Defendant BTX nor Defendant Forward Air had any exceptions regarding the shipment of the iPhones noted in their contracts of carriage.

3.15    The loss of 829 iPhones from the entire shipment was the direct and proximate result of the actions or inactions of Defendants BTX, Brightstar, Brightstar US, T.S. Express, Normark, Campuzano, and Forward Air (jointly referred to as "**Defendants**"), whether jointly or separately, which acts or failures to act constitute negligence, gross negligence, breach of contract

of carriage, breach of bailment, failure to perform services in a workmanlike manner and/or breach of implied and/or express warranties on the part of Defendants, and conversion while the shipment of iPhones was under Defendants' exclusive care, custody and control.

3.16    Defendants BTX, T.S. Express, Normark, and Forward Air breached their agreements of carriage and did not deliver the cargo in good order, quantity, and condition as described in the Sprint Invoice.  To the contrary, Defendants BTX, T.S. Express, Normark, and Forward Air, and each of them, failed to deliver the iPhones to their final destination.

3.17    Pleading in the alternative, Defendants Brightstar, Brightstar US, whether jointly or separately, breached their bailment agreement by failure to tender 829 iPhones as part of the entire shipment.

3.18    The negligence of Defendants Brightstar, Brightstar US, and their agents and/or employees includes, but is not limited to, the following:

   3.18.1    Failure to properly store, protect, safeguard, and care for the shipment.

   3.18.2    Negligent hiring of the warehouse staff.

   3.18.3    Failure to supervise their employees.

   3.18.4    Failure to take precautions that will be revealed during discovery.

3.19    The negligence of Defendants T.S. Express, Forward Air, Normark, and their agents and/or employees includes, but is not limited to, the following:

   3.19.1    Failure to use due diligence while transporting and storing the shipment of iPhones.

   3.19.2    Failure to properly store, protect, safeguard, and care for the shipment.

   3.19.3    Negligent hiring of the operators of the transportation companies.

   3.19.4    Failure to take precautions that will be revealed during discovery.

   3.19.5    Failure to supervise their employees.

3.20    The negligence of Defendant BTX and its agents and/or employees includes, but is not limited to, the following:

      3.20.1    Negligent hiring of transportation companies and their operators.

      3.20.2    Failure to properly store, protect, safeguard, and care for the shipment.

      3.20.3    Failure to take precautions that will be revealed during discovery.

3.21    The agents and/or employees of Defendants BTX, T.S. Express, Forward Air, and Normark, all experts in the business as common carriers, took unconscionable advantage of Plaintiff's insured, who had no experience or expertise in the area, and used superior knowledge and experience to lead Plaintiff's insured to believe that the property was fully secured while in the care, custody, or control of the agents and/or employees of Defendants BTX, T.S. Express, Forward Air, and Normark, to the detriment of Plaintiff's insured.

      3.21.1    Defendants BTX' and Forward Air's agents knowingly, willfully, and/or negligently failed, in violation of 49 U.S.C.A. § 14901, to make full, true and correct entries on the bill of lading and airbill furnished to Plaintiff.  Namely, Defendants BTX and Forward Air failed to note in the BTX Airbill and in the Forward Air Waybill, any exceptions regarding the cargo, re-weighing of the cargo, the mode of transportation or the type of goods shipped, and omitted other material information including, but not limited to, a statement of the total charges. (attached hereto as **Exhibits E and G**).

      3.21.2    Defendants Brightstar, Brightstar US, BTX, Forward Air, T.S. Express, Normark, and their agent and/or employees were negligent in the hiring of their employees when they knew or by exercise of reasonable care should have known that the employees were not to be entrusted with the care, custody and control of goods owned by Plaintiff's insured.

      3.21.3    Defendants Brightstar, Brightstar US, BTX, and Forward Air were negligent in the delay in the handling of Plaintiff's claim for damages and settling the amount of

loss of the goods that the Plaintiff's insured was to receive but had not received.

3.22    Plaintiff further invokes and relies upon the doctrines of *res ipsa loquitur* and *respondeat superior* because the character of the loss was such that it would not have happened in the absence of negligence, and the events causing the occurrence, including without limitation, the handling and carriage of the lost iPhones, was exclusively within Defendants' management and control and/or within the management and control of Defendants' subordinates, employees, agents, subcontractors, and/or independent contractors hired by Defendants.

3.23    As a direct and proximate result of this negligence, breach of contract, and breach of bailment, Plaintiff's insured, and ultimately Plaintiff, suffered a total loss of the property.

3.24    Pleading in the alternative, Defendants Brightstar, Brightstar US, BTX, T.S. Express, Forward Air, Normark, and Campuzano, and/or their agents and/or employees, whether jointly or separately, wrongfully exercised dominion or control over the 829 iPhones as part of the entire shipment made the basis of this lawsuit, legally owned by Plaintiff's insured, ExportTek, Inc.  As a result of this unlawful exercise of dominion or control by Defendants Brightstar, Brightstar US, BTX, T.S. Express, Forward Air, Normark, and Campuzano, and/or their agents and/or employees, whether jointly or separately, Plaintiff's insured, and ultimately Plaintiff, suffered injuries.

3.25    Pleading in the alternative, if discovery reveals that Forward Air agreed to carry and carried cargo by truck as opposed to by air, then the loss of 829 iPhones in this case was proximately caused in whole or in part by the events during interstate road carriage when the cargo was in the actual, constructive, or contractual custody of Defendants BTX, T.S. Express, Campuzano, Forward Air, and/or Normark, and/or their employees and/or agents within the meaning of the Carmack Amendment.  By reason of the foregoing premises, Defendants BTX, T.S. Express, Campuzano, Forward Air, and Normark are liable as carriers under the Carmack

Amendment.

3.26    Plaintiff's damages were reasonably foreseeable, and it has sustained damages totaling at least **$187,146.75** (One Hundred Eighty-Seven Thousand One Hundred Forty-Six U.S. Dollars and Seventy-Five Cents).

## IV.
## JURY DEMAND

4.1    Plaintiff demands a jury trial and tendered the appropriate fee with its Original Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, respectfully prays that, upon final trial hereof and having recovered judgment over and against the Defendants sued herein, jointly and severely, that it be awarded its costs of court, both pre-judgment and post-judgment interest that the lawful rate allowed by law and Plaintiff prays for such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

DOWNS♦STANFORD, P.C.

*//s// Timothy U. Stanford*                            *
Timothy U. Stanford
State Bar No. 19041030
Fed. I.D. No. 14285
2001 Bryan Street, Suite 4000
Dallas, Texas 75201
Phone: (214) 748-7900
Fax:    (214) 748-4530
Email: tstanford@downsstanford.com
*Attorney for Plaintiff, National Union Fire*
*Insurance Company of Pittsburgh, PA*

*\*Electronic signature by permission.*

THE BALE LAW FIRM, PLLC

*//s// Jeffrey R. Bale*
Jeffrey R. Bale
State Bar No. 01629800
Federal ID No. 3324
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Phone:  (281) 295-6000
Fax:     (281) 295-6010
Email:  jbale@balelawfirm.com
*Attorney for Plaintiff,*
*National Union Fire Insurance Company*
*of Pittsburgh, PA*

OF COUNSEL
Ross B. Bale
State Bar No. 24094522
Federal ID No. 2639704
THE BALE LAW FIRM, PLLC
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Phone:  (281) 295-6000
Fax:  (281) 295-6010
Email: rbale@balelawfirm.com
*Attorney for Plaintiff,*
*National Union Fire Insurance*
*Company of Pittsburgh, PA*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of THE BALE LAW FIRM, PLLC, attorneys for the Plaintiff herein, and that I have provided a copy of the foregoing to all counsel of record via the ECF Filing System and/or electronic transmission this **30th** day of **November**, **2020**.

**Via the ECF Filing System**
Mr. James R. Koecher
Mr. Michael D. Williams
Brown Sims, P.C.
1177 West Loop South, 10th Floor
Houston, Texas 77027
*Counsel for Defendant,*
*Bacarella Transportation Services, Inc.*
*d/b/a BTX Global Logistics*

**Via the ECF Filing System**
Mr. Antonio C. "Chris" Rodriguez
Hermes Law, P.C.
2001 N. Lamar St., Suite 450
Dallas, Texas 75202
*Local Counsel for Defendant,*
*Bacarella Transportation Services, Inc.*
*d/b/a BTX Global Logistics*

**Via the ECF Filing System**
Mr. Vic Houston Henry
Ms. Emileigh Stewart Hubbard
Henry Oddo Austin & Fletcher, P.C.
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
*Counsel for Defendant,*
*Forward Air Corporation*

**Via the ECF Filing System**
Mr. Randy D. Gordon
Mr. Lucas C. "Luke" Wohlford
Barnes & Thornburg, LLP
2121 North Pearl Street, Suite 700
Dallas, Texas 75201-2469
*Counsel for Defendant,*
*Brightstar International Corp*

**Via the ECF Filing System**
Mr. Brooks H. Spears
MCGUIREWOODS LLP
1750 Tysons Blvd., Suite 1800
Tysons, Virginia 22102-4215
*Counsel for Defendant,*
*Sprint Corporation*

**Via the ECF Filing System**
Ms. Lishel M. Bautista
MCGUIREWOODS LLP
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
*Local Counsel for Defendant,*
*Sprint Corporation*

**Via Email: jgreene@scopelitis.com**
Mr. John W. Greene
Scopelitis, Garvin, Light, Hanson
& Feary, P.C.
777 Main Street, Suite 3450
Fort Worth, Texas 76102
*Local Counsel for Defendant*
*Normark of Texas. LLC*

**Via Email: kjeffries@scopelitis.com**
Ms. Kathleen C. Jeffries
Scopelitis, Garvin, Light, Hanson
& Feary, P.C.
2 North Lake Avenue, Suite 560
Pasadena, California 91101
*Counsel for Defendant*
*Normark of Texas, LLC*

*//s// Jeffrey R. Bale*
Jeffrey R. Bale