UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> *Plaintiff,* <br><br> v. <br><br> BACARELLA TRANSPORTATION SERVICES, INC. D/B/A BTX GLOBAL LOGISTICS, BRIGHTSTAR INTERNATIONAL CORP. D/B/A BRIGHTSTAR CORP., BRIGHTSTAR US, LLC, T.S. EXPRESS, INC., FORWARD AIR CORPORATION, NORMARK OF TEXAS, LLC, and OSCAR MACEDO CAMPUZANO,[1] <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:19-cv-01364-X |

## MEMORANDUM OPINION AND ORDER

National Union Fire Insurance Company of Pittsburgh, PA (National Union) insures a company that purchased a lot[2] of iPhones from Sprint. The phones never arrived, so National Union paid its insured and sued everyone in the shipping chain. Normark of Texas LLC (Normark) moved to dismiss, arguing the federal Carmack Amendment preempts all the state and common-law claims against it because it is a

---

[1] There is some confusion among the pleadings and motions as to what the caption of the case actually is. The Court is basing its caption on the parties that the third amended complaint actually describes (which is different that the parties listed in the third amended complaint's caption).

[2] Both meanings.

1

ground shipper. The Court **GRANTS IN PART** the motion by concluding that National Union must replead the conversion claim but **DENIES** the motion as to preemption on the other claims.

Forward Air Corporation (Forward Air[3]) also moved to dismiss, making the same Carmack Amendment preemption argument as Normark and also arguing the live complaint flunks federal pleading standards. Likewise, Court **GRANTS IN PART** Forward Air's motion by concluding that National Union must replead the conversion claim but **DENIES** the motion as to preemption on the other claims. As to pleading defects, the Court **GRANTS** the motion, dismisses the claims without prejudice, and allows National Union to replead its claims.

Finally, Brightstar Corp. (Brightstar) and Brightstar US, LLC (Brightstar US) moved to dismiss, contending that National Union has no standing, this Court lacks personal jurisdiction over them, and the complaint flunks federal pleading standards. The Court **GRANTS** the Brightstar defendants' motion to dismiss for lack of personal jurisdiction.

As a result, the Brightstar defendants are out, and National Union has 28 days to replead to cure the deficiencies as to other parties this order identifies.

## I. Factual Background

National Union insured EcycleTek, Inc. (Ecycle) and ExportTek, Inc. (ExportTek). Ecycle paid $420,135.02 for a shipment of smartphones at a Sprint

---

[3] Allegedly "Air" is a misnomer, as explained below.

auction. Among other things, the shipment included 829 iPhone 6S phones. ExportTek turned around and bought the rights to the shipment.

Allegedly, Brightstar and Brightstar US stored the iPhones at their warehouse in Illinois. BTX Global Logistics (BTX) had a contract of carriage to ship the iPhones from Illinois to Ecycle's warehouse in Carrolton, Texas. T.S. Express Inc. (TS Express) was hired to transport the phones to the Chicago O'Hare Airport, and Oscar Macedo Campuzano was TS Express's driver. Forward Air was hired to ship the phones from O'Hare to the Dallas Fort Worth International Airport. Once the shipment reached that airport, Normark was to transport the iPhones to Ecycle's warehouse in Carrollton.

ExportTek discovered the loss of the iPhones and reported it to Brightstar and Sprint. National Union paid its insured, ExportTek, for the loss and filed this suit on its insured's behalf. Based on prior complaints, Brightstar, Brightstar US, Sprint Corp., and Sprint/United Management Co. filed motions to dismiss for lack of personal jurisdiction. The Court allowed limited jurisdictional discovery regarding whether it has personal jurisdiction over these defendants. National Union's third amended complaint dropped Sprint Corp. and Sprint/United Management Co. from this suit.

The third amended complaint appears to group-plead causes of action for "negligence, gross negligence, breach of contract of carriage, breach of bailment, failure to perform services in a workmanlike manner and/or breach of implied and/or express warranties . . . and conversion," as well as an alternative pleading of a federal

3

Carmack Amendment claim (if Forward Air carried by truck instead of air).[4] Forward Air, Normark, Brightstar, and Brightstar US moved to dismiss.

## II. Legal Standard

### Standing and Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges a federal court's subject matter jurisdiction.[5] A federal court lacks subject matter jurisdiction when it lacks statutory or constitutional authority to adjudicate the claim.[6] When a Rule 12(b)(1) motion is filed with other Rule 12 motions, the Court should consider the "jurisdictional attack before addressing any attack on the merits."[7] And if both Rule 12 motions have merit, the Court should dismiss on the jurisdictional ground; this allows a plaintiff to pursue his claim in the proper court without danger of the claim being prematurely dismissed with prejudice by a court that lacks jurisdiction.[8]

When considering a Rule 12(b)(1) motion, "all factual allegations in the complaint must be accepted as true."[9] "[A] court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record,

---

[4] Doc. No. 136 at 5–6.

[5] *See* FED. R. CIV. P. 12(b)(1).

[6] *Home Builders Ass'n of Miss. Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

[7] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[8] *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam).

[9] *Gemini Ins. Co. v. Trident Roofing Co., LLC*, No. 3-09-CV-0704-M, 2009 WL 3416495, at *1 (N.D. Tex. Oct. 23, 2009) (Lynn, J.) (citing *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir. 2001)).

or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts" if the Court resolves those facts after an evidentiary hearing.[10]

A federal court's Article III jurisdiction is limited to "Cases" and "Controversies."[11] The doctrine of standing is an essential and unchanging part of the case-or-controversy requirement of Article III.[12] Standing includes three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[13]

## Personal Jurisdiction and Rule 12(b)(2)

Without an evidentiary hearing, the plaintiff must make a *prima facie* case for personal jurisdiction.[14] Accordingly, this Court accepts as true all uncontroverted allegations in the complaint and resolves all factual conflicts in favor of the plaintiff.[15]

---

[10] *Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

[11] U.S. CONST. art. III, § 1.

[12] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[13] *Id.* at 560–61 (cleaned up).

[14] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

[15] *Id.*

Texas has a long-arm statute, and it provides a constitutional maximum.[16] The test for personal jurisdiction can be met either by satisfying general jurisdiction or specific jurisdiction.[17] For either personal or general jurisdiction, courts look to whether the defendant has had minimum contacts with the forum, such that the suit does not offend notions of fair play and substantial justice.[18]

To satisfy the general jurisdiction minimum contacts test for corporations, a defendant's contacts with the forum must be sufficiently continuous and systematic as to make the defendant "essentially at home" in the forum.[19]

To satisfy minimum contacts for specific jurisdiction, courts require a determination of purposeful availment.[20] This analysis chiefly looks to whether the defendant availed himself of the privilege of conducting activities in that state.[21] Specifically, the defendant must have purposefully reached beyond its home. A defendant can achieve this by, for example, exploiting a market, entering and seeking to maintain an extensive contractual relationship there,[22] enjoying the benefits of and

---

[16] *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067–1068 (5th Cir. 1992) (citing *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990)) (noting that Texas's long-arm statute "extend[s] to the limits of due process").

[17] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

[18] *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

[19] *Goodyear*, 564 U.S. at 919.

[20] *Id.* at 924.

[21] *Id.*

[22] *Walden v. Fiore*, 571 U.S. 277, 285 (2014).

protection of the forum's laws, the defense of their property, and enforcement of contacts there.[23]

Next, the harm must arise from or relate to the contact with the forum.[24] As the United States Supreme Court noted this year, the "arise out of" requirement is a causational requirement, and the "relates to" requirement is that the harm must be sufficiently related to the contact to warrant specific jurisdiction.[25]

Finally, courts must evaluate a set of reasonableness factors once personal jurisdiction has been found.[26] Those factors are the interest of the forum state, the burden to defendants in defending in the forum, the interest of the plaintiff in obtaining relief, the interstate judicial system's interest in the most efficient end of controversies, and the interest of the states in furthering substantive social policies.[27]

### Plausibly Stating a Claim and Rule 12(b)(6)

Under Rule 12(b)(6), the Court evaluates the pleadings by "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff."[28] To survive a motion to dismiss, the claimant must allege enough facts "to state a claim to relief that is plausible on its face."[29] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

---

[23] *Int'l Shoe Co.*, 326 U.S. at 319.

[24] *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021).

[25] *Id.* at 1026.

[26] *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987).

[27] *Id.*

[28] *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2020).

[29] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

the reasonable inference that the defendant is liable for the misconduct alleged."[30] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[31] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[32]

### III. Analysis

#### *A. Forward Air and Normark Motions to Dismiss*

Forward Air and Normark only raise 12(b)(6) arguments. Both argue preemption, but Forward Air also argues pleading defects. Sure, this group-pled, conclusory complaint has pleading issues worth discussing. But the remedy for such defects would be repleading, and courts don't allow repleading if it would be futile. Repleading a preempted claim would seem rather futile, so the Court first addresses the dispositive issue of whether the Carmack Amendment preempts the state and common-law claims.

##### *1. Preemption of State and Common-Law Claims Under Rule 12(b)(6)*

The Court concludes that it cannot decide on a Rule 12(b)(6) inquiry (which is limited to the complaint and documents referenced in and central to the complaint) whether the shipment from Illinois to Texas was by ground or air. As such, the Court

---

[30] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[31] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[32] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

8

cannot grant the motions to dismiss from Forward Air and Normark as to the Carmack Amendment preempting the state and common-law claims (other than the conversion claim).

The Fifth Circuit has made clear that "Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*. Accordingly, we hold that the complete preemption doctrine applies."[33] As a result, if this shipment was by motor carrier (and not by air), the Cammack Act applies and preempts National Unions's other causes of action.[34]

The parties disagree over whether the Forward Air leg of the shipment was by air or land.[35] This dispute is compounded by what the Court can consider beyond the pleadings in a Rule 12(b)(6) argument and what the parties offer as support of their positions. Forward Air and Normark contend the shipment was by land. They point to a signed BTX Alert attached to a prior complaint that listed "TRUCK" as the method of shipment. They also raise Forward Air's website, which states that it provides ground transportation and that it ships to and from terminals near airports.

---

[33] *Hoskins v. Bekins Van Lines, LLC*, 343 F.3d 769, 778 (5th Cir. 2003) (emphasis in original).

[34] National Union admits as much by pleading its Carmack Amendment claim in the alternative. *See* Doc. 136 at 8 ("Pleading in the alternative, if discovery reveals that Forward Air agreed to carry and carried cargo by truck as opposed to by air, then the loss of 829 iPhones in this case was proximately caused in whole or in part by the events during interstate road carriage when the cargo was in the actual, constructive, or contractual custody of Defendants BTX, T.S. Express, Campuzano, Forward Air, and/or Normark, and/or their employees and/or agents within the meaning of the Carmack Amendment.").

[35] Such simple disputes can have great importance. *See* Henry Wadsworth Longfellow, *Paul Revere's Ride* (1860) (recalling Revere's friend agreeing to hang lanterns in the belfry of the Old North Church tower, "One if by land, and two if by sea," to alert of the impending arrival of British forces).

Normark contends that as to its role, the live complaint alleges Normark was a motor carrier and there is no dispute that it is a motor carrier, so it is only subject to a Carmack Amendment claim.[36]

National Union responds that the bill of lading and other shipping documents attached to its third amended complaint does not reference a method of shipping. It does concede that a BTX Alert attachment to its original and first amended complaints indicating shipment was by truck. But National Union retorts that it had claim adjuster Ryan Coffey investigate, and his affidavit states BTX told him that the shipment from Illinois to Texas was by air. Finally, National Union argues its conversion claim should survive any preemption.

The Court will first dispose of the simple issue: Normark. Normark correctly points out the complaint claims Normark is "a Texas trucking company, [that] agreed to carry and carried the shipment [from the Dallas Fort Worth International Airport] in return for good and valuable consideration within Texas to ExportTek, Inc.'s warehouse in Carrollton, Texas."[37] National Union's response never argues the possibility it could replead otherwise and also acknowledges that the Carmack Amendment preempts claims against motor carriers. National Union does, however, raise that it could replead its conversion claim to allege theft, which would draw the conversion claim outside the Carmack Amendment's preemptive scope (as explained

---

[36] It further contends that its ground-basedintra-state leg of an interstate trip does not diminish the Carmack Amendment preemption. But this is not an argument National Union refutes. *See* Doc. No. 146 at 7 ("Plaintiff's concession that the Carmack Amendment could apply in this matter is premised on the assumption that the Illinois-Texas leg of the shipment was made by ground transportation and not by air.").

[37] Doc. No. 136 at 4.

below). Accordingly, the Court grants in part Normark's motion to dismiss and dismisses all claims against Normark other than conversion and the Carmack Amendment claim with prejudice.

Now the Court must address the claims against Forward Air. But with a Rule 12(b)(6) attack, the Court must consider only documents central to or referenced in the complaint. Generally, "[i]n determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff."[38] However, "[w]hen a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents."[39] Although the Fifth Circuit has not enunciated a test for when a document is central to a plaintiff's claim, a document tends to be central when it is necessary to establish an element of a plaintiff's claim.[40] In assessing whether a document is central, a court should consider whether the plaintiff objects to the inclusion of the attached document.[41]

---

[38] *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

[39] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

[40] *Hong Kong Aroma Star Int'l LLC v. Elta MD Inc.*, 2019 WL 2357529, at *3 (N.D. Tex. June 4, 2019) (Fish, J.) (citing *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. Apr. 26, 2011) (Lynn, J.)).

[41] *Scanlan*, 343 F.3d at 536 ("The fact that the plaintiffs did not object to, or appeal, the district court's consideration of those documents [attached to a motion to dismiss] was central to this Court's approval of that practice" of allowing documents attached to a motion to dismiss to be considered by a district court); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) ("In so attaching [the documents to its motion to dismiss], the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").

11

So, can the Court consider an attachment to a prior motion to dismiss, the claim adjuster affidavit, or Forward Air's website? No. Regarding the BTX Alert attached to prior pleadings, those pleadings are no longer live. The prior attachment still could come in as attached to a motion to dismiss, but only if it is central to and referenced in the live complaint. It isn't referenced in the live complaint.

Regarding the adjuster's affidavit, it's an affidavit attached to a response to a motion to dismiss. Affidavits are wonderful things to attach to summary judgment motions and responses, but not to Rule 12(b)(6) motions and responses. The Court can't consider the affidavit either as it wasn't attached to and referenced in the complaint.

Now, about Forward Air's website saying it ships by ground. National Union's complaint never referred to Forward Air's website. The only other basis for the Court to consider such extraneous evidence is if it could take judicial notice of the website.[42] But courts within the Fifth Circuit traditionally take notice of governmental websites, not a litigant's private website.[43] Doing the latter would seriously upend Rule 12(b)(6) practice. The Court declines to take judicial notice of Forward Air's website.

So, what's left that the Court can consider? Basically just the live complaint, which states "[o]n information and belief, Forward Air carried the shipment by air."[44]

---

[42] *See* FED. R. EVID. 201(f) ("Judicial notice may be taken at any stage of the proceeding.")

[43] *See Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir. 2005) (Fifth Circuit taking judicial notice of approval by the federal agency website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (Fifth Circuit taking judicial notice of Texas agency website).

[44] Doc. No. 136 at 4.

Sure, this is conclusory. But we're not talking about a conclusory statement used to invoke the Court's jurisdiction. We're talking about a conclusory statement before fact discovery on whether this case should proceed on a Carmack Amendment claim due to ground transportation or state and common-law claims due to air transportation. This is a fact that cannot be known until discovery runs its course. And that fact does not deprive this court of jurisdiction. National Union has appropriately pled what it can on ground versus air and included claims in either event. Accordingly, the Court deniesForward Air's motion to dismiss the state and common-law claims as preempted by the Carmack Amendment.

The final issue on preemption is the conversion claim. Forward Air argues the Carmack Amendment preempts the conversion claim because the complaint only alleges the cargo was lost, not that it was stolen. And the Fifth Circuit has held that the Carmack Amendment preempts all claims but theft claims.[45] National Union contends in its response that the loss was a "deliberate effort made by the thief to cover up the act" and attaches evidence of a cover up.[46] Both parties miss the point. The issue of theft is one of pleading at the motion to dismiss phase. National Union offers evidence of theft but has not pled it. It obviously could, so the Court will allow it a final opportunity to replead its conversion claim. Accordingly, the Court grants

---

[45] *Tran Enters., LLC v. DHL Exp. (USA), Inc.*, 627 F.3d 1004, 1009–10 (5th Cir. 2010) ("We acknowledge that in some circumstances, where a carrier has intentionally converted for its own purposes the property of the shipper, traditional true conversion claims should be allowed to proceed and limitations on liability should be considered inapplicable. . . . However, to justify such a conversion claim exception to the preemptive scope of the Carmack Amendment, the party asserting such an exception would, we hold, bear the burden of proof at trial.").

[46] Doc. No. 146 at 8.

Forward Air's motion to dismiss as to National Union's conversion claim, dismisses the claim without prejudice, and allows National Union 28 days to replead to the conversion claim to avoid preemption.

### 2. Pleading Defects Under Rule 12(b)(6)

Forward Air makes the additional 12(b)(6) argument that the third amended complaint is too conclusory to comply with federal pleadings standards. National Union does not defend against this argument, nor can it.

The third amended complaint basically states that a number of defendants were responsible for shipping the package and it did not arrive, so the defendants are liable for negligence, gross negligence, breach of contract of carriage, breach of bailment, failure to perform services in a workmanlike manner and/or breach of implied and/or express warranties, and conversion. The complaint never states the elements of the claims or the facts making it plausible that there is liability for the defendants as to the claims.[47] As such, it simply "do[es] not permit the court to infer more than the mere possibility of misconduct," which flunks the federal pleading standard.[48] Given that this is the Court's first ruling notifying National Union of these defects, the Court will allow a final opportunity for National Union to replead to cure the federal pleading standard deficiencies. The final pleading must "plead[] factual content that allows the court to draw the reasonable inference that the

---

[47] *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element.").

[48] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

defendant is liable for the misconduct alleged."[49] The Supreme Court's phrasing of "the defendant" highlights that the revised complaint must be particularized and not merely label the defendants collectively as lawbreakers without explaining why each one broke the law.[50]

Accordingly, the Court grants Forward Air's motion to dismiss all the claims in the third amended complaint, dismisses the claims against Forward Air with prejudice, and allows National Union 28 days to replead to cure its pleading deficiencies.

### B. Brightstar and Brightstar US's Motion to Dismiss

BrightStar and BrightStar US contend that: (1) National Union has no standing against the Brightstar entities under Rule 12(b)(1) because there is no allegation or conduct fairly traceable to the Brightstar defendants, (2) Texas has no personal jurisdiction over the Brightstar entities under Rule 12(b)(2), and (3) the complaint fails to plausibly state a claim under Rule 12(b)(6). National Union responds that (1) it lacks information at this stage to identify who the culprit is, (2) there is personal jurisdiction over the Brightstar defendants because they

---

[49] *Id.* at 678.

[50] *See Gurganus v. Furniss*, No. 3:15-CV-03964-M, 2016 WL 3745684, at *5 (N.D. Tex. July 13, 2016) (Lynn, C.J.) ("In addition to being conclusory and formulaic, this type of group pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 8."). National Union's argument that the information is in the possession of the defendants may well be true. The Fifth Circuit has allowed plaintiffs to "use information and belief to allege facts that are peculiarly in the possession of an opposing party." *Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021) (cleaned up). But in the same breath, the Fifth Circuit stated that "a plaintiff needs to exercise reasonable due diligence and provide some factual basis for his allegations that would raise a reasonable expectation that discovery will reveal evidence that defendants engaged in unlawful conduct." *Id.* (cleaned up).

knowingly placed the shipment in the stream of commerce heading for Texas, and (3) its claim is pled with as much detail as the current knowledge allows.

The Court must address the jurisdictional arguments first. But the 12(b)(1) argument on standing is not functionally different than the 12(b)(6) argument on pleading defects (*i.e.*, the live complaint is too conclusory to plead a claim, which means it's too conclusory to establish standing). If that's true, a better complaint theoretically might result in adequate pleading of standing. So the Court must attend to the Rule 12(b)(2) argument on whether it has personal jurisdiction over the Brightstar defendants as the only dispositive 12(b) argument.

As a reminder, National Union has the burden to prove jurisdiction.[51] The Court assisted it by allowing jurisdictional discovery. If there are disputed jurisdictional facts, the Court views those facts in favor of jurisdiction because there was no evidentiary hearing.[52]

The facts are undisputed here. The parties agree that (1) Brightstar US is licensed to do business in Texas and (2) the Brightstar Defendants knew the shipment of smartphones was destined for Texas. But merely registering to do business in Texas does not subject one to personal jurisdiction.[53] As to the stream of commerce theory, the Fifth Circuit has traditionally used that theory "to permit the

---

[51] *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

[52] *Id.*

[53] *See Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 183 (5th Cir. 1992) ("Not only does the mere act of registering an agent not create Learjet's general business presence in Texas, it also does not act as consent to be hauled into Texas courts on any dispute with any party anywhere concerning any matter."). As the Brightstar defendants point out, the third amended complaint never alleges Brightstar US is licensed in Texas. But National Union could replead to include this fact, so the Court will assess it and allow National Union to replead if this fact is a difference-maker.

assertion of specific jurisdiction over nonresident defendants that send a defective product into the forum."[54] The Fifth Circuit has expressly "been reluctant to extend the stream-of-commerce principle outside the context of products liability cases, including cases involving contract or copyright."[55] National Union cites to no similar case where the Fifth Circuit has extended the stream of commerce theory to a case like this. On the contrary, this case falls within the scope of Fifth Circuit precedent where there is no jurisdiction over a defendant that has isolated shipments to a forum state and title and risk of loss are transferred outside the forum state.[56] Here, there is only the indication of the shipment at issue. As a result, National Union has not carried its burden of establishing personal jurisdiction over the Brightstar defendants. The Court grants the Brightstar defendants' motion to dismiss for lack of personal jurisdiction, so the Court need not reach the 12(b)(1) or 12(b)(6) arguments.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the Forward Air and Normark motions to dismiss as to the conversion claim being preempted, **DENIES** Forward Air's motion to dismiss as to the remaining state and common law claims being preempted, and **GRANTS** Forward Air's motion to dismiss as to pleading defects.

---

[54] *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 585 (5th Cir. 2010).

[55] *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 472 (5th Cir. 2006) (cleaned up).

[56] *See Charia v. Cigarette Racing Team, Inc.*, 583 F.2d 184, 189 (5th Cir. 1978) (stating there might be jurisdictional "where defendant had supplied its product to the forum state in large quantities over a lengthy period of time" but that four sales to Louisiana over five-year period were insufficient to establish personal jurisdiction when contract at issue specified that title and risk of loss passed in Florida).

The Court further **GRANTS** the Brightstar defendants' motion to dismiss for lack of personal jurisdiction. The Court allows National Union 28 days to replead to cure its pleading deficiencies this order identifies. National Union may not add new parties or claims in this repleading but may cure its deficiencies as to all defendants that remain in the case.

**IT IS SO ORDERED** this 3rd day of August, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE