IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA<br>*Plaintiff*,<br><br>V.<br><br>BACARELLA TRANSPORTATION SERVICES, INC. D/B/A BTX GLOBAL LOGISTICS, SPRINT CORPORATION, BRIGHTSTAR INTERNATIONAL CORP. D/B/A BRIGHTSTAR CORP., T.S. EXPRESS, INC., FORWARD AIR CORPORATION, NORMARK OF TEXAS, LLC, AND OSCAR MACEDO CAMPUZANO<br>*Defendants* | C.A. No. 3:19-CV-01364-X |

## **PLAINTIFF'S FOURTH AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, National Union Fire Insurance Company of Pittsburgh, PA, underwriter for AIG and subrogee and files its Fourth Amended Complaint in this matter, in accordance with this Honorable Court's order dated August 3, 2021. Plaintiff complains of and against Bacarella Transportation Services, Inc. d/b/a BTX Global Logistics, T.S. Express, Inc., Forward Air Corporation, Normark of Texas, LLC and Oscar Macedo Campuzano, Defendants herein, showing them and this Honorable Court as follows:

**I.**
**Nature of the Cause of Action**

1.1     Plaintiff brings this action as the subrogee and assignee of EcycleTek, Inc. and ExportTek, Inc., Plaintiff's insureds, to recover monetary damages for a loss of cargo that was discovered on June 12, 2017 as a result of carriage of cargo from Brightstar's warehouse in Illinois to Ecycle's warehouse in Carrollton, Texas.

## II.
## Jurisdiction and Venue

2.1     This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1337(a) because Plaintiff's action against Defendants is for cargo loss under the Carmack Amendment to the Interstate Commerce Act ("Carmack"), 49 U.S.C.A. § 14706, in the matter in controversy for the loss in question exceeds $10,000.00, exclusive of interests and costs.[1]

2.2     Venue is proper under 49 U.S.C. § 1476(d) because Plaintiff brings this civil action against the delivering carrier in the judicial district through which the carrier is operated and/or against the carrier alleged to have caused the loss or damage in the judicial district in which such loss or damage is alleged to have occurred.

## III.
## Parties

3.1     Plaintiff is a Pennsylvania corporation with its principal place of business in New York, New York.

3.2     Forward Air Corporation has appeared and answered herein.

3.3     Defendant T.S. Express, Inc. has been served but has yet to appear and answer herein.

3.4.    Defendant Bacarella Transportation Services, Inc. d/b/a BTX Global Logistics ("**BTX**"), has appeared and answered herein.

3.5     Defendant, Normark of Texas, LLC ("**Normark**"), has appeared and answered herein.

---

[1] In its original and prior amended filings, Plaintiff asserted that a portion of the carriage in question was accomplished by air, as evidenced by the Affidavit of an adjuster who investigated the matter for Plaintiff who was told by representatives for BTX that the shipment in question was sent via air from O'Hare Airport in Chicago, Illinois to DFW Airport in Dallas, Texas. Despite continued background investigation, Plaintiff has been unable to formally substantiate the air carriage in question, in part, because no merits discovery has taken place in this matter. Consequently, this matter will proceed as a Carmack Amendment claim, subject to the facts that may be developed during merits discovery and, should it be shown that a portion of the carriage was by air, Plaintiff reserves the right to amend its Complaint to assert additional substantiated claims.

3.6     Defendant, Oscar Macedo Campuzano ("**Campuzano**"), is a citizen of Illinois who has been served with this lawsuit but has yet to appear or answer herein.

## IV.
## Facts

4.      Plaintiff's insured purchased a lot of iPhones from Sprint Corporation that never arrived in Carrollton, Texas following warehousing and transport by the Defendants herein.

4.1     The shipment in question included 829 iPhones 6S, priced at $187,146.75, and contained Lot ID No. 052517-D020, per purchase order no. PO2642624 dated June 17, 2017.

4.2     On information and belief, in exchange for good and valuable consideration, Brightstar stored the full shipment of iPhones at the Brightstar warehouse in Libertyville, Illinois.

4.3     For good and valuable consideration, each of the Defendants herein were involved in the custody, storage and transport of the iPhones in question. The iPhones in question were delivered in good order and condition to the Defendants and were delivered short of the amounts reflected in the shipping documents.

4.4     Despite due demand, each of the Defendants has failed or refused to pay Plaintiff any amount for the cargo's loss.

## V.
## Basis for Complaint and Causes of Action

5.1     Plaintiff's insured, EcycleTek, Inc., purchased smartphones at a Sprint auction and paid $420,135.02 (Four Hundred Twenty Thousand One Hundred Thirty-Five U.S. Dollars and Two Cents) for the full shipment of the smartphones, per the Sprint Invoice No. AUC-0001286 dated June 2, 2017.

5.2     Plaintiff's insured, ExportTek, Inc. then purchased and was the rightful owner of the shipment of the smartphones. The shipment included 829 iPhones 6S, priced at $187,146.75 (One Hundred Eighty-Seven Thousand One Hundred Forty-Six U.S. Dollars and Seventy-Five

Cents), and contained in lot ID No. 052517-D020, per the Purchase Order No. PO2624 dated June 2, 2017.

5.3     On information and belief, in return for good and valuable consideration, Defendants Brightstar and Brightstar US stored the full shipment of the iPhones at the Brightstar warehouse in Libertyville, Illinois, as evidenced by Brightstar's Freight Shipping Tracker Form.

5.4     On information and belief, in return for good and valuable consideration, T.S. Express transported the shipment of the iPhones in Illinois.  Pursuant to the Brightstar Driver Information Sheet, Defendant Campuzano, a truck driver for T.S. Express with license No. M232-640-6037, agreed to provide and provided the carriage services in delivering the cargo to O'Hare International Airport.

5.5     On information and belief, Defendant BTX agreed to ship and shipped under the contract of carriage the iPhones from Brightstar's warehouse in Libertyville, Illinois, to EcycleTek, Inc.'s warehouse in Carrollton, Texas.

5.6     On information and belief, Defendant BTX arranged for the pickup of the shipment from the Brightstar warehouse and for the transportation of the shipment therefrom to the lawful owners in Carrollton, Texas, in the good order, condition, and quantity as described in the Sprint Invoice.  On or about June 8, 2017, Defendant BTX issued its Airbill No. DFW20026750 confirming carriage of the cargo without any exceptions.

5.7     On or about June 12, 2017, Defendant BTX submitted its invoice No. 91800013497 for the transportation logistics of the shipment from the Brightstar warehouse in Libertyville, Illinois, to ExportTek, Inc.'s warehouse in Carrollton, Texas.

5.8     On information and belief, under the contract of carriage and on return for good and valuable consideration, Defendant Forward Air agreed to carry and carried the shipment from O'Hare International Airport to Dallas Fort Worth International Airport.

5.9     On information and belief, at Dallas Fort Worth International Airport, Defendant Normark, a Texas trucking company, agreed to carry and carried the shipment in return for good and valuable consideration within Texas to ExportTek, Inc.'s warehouse in Carrollton, Texas.

5.10    On or about June 12, 2017, an employee of ExportTek, Inc. or its parent or affiliated company, discovered the loss of the 829 iPhones 6S from LOT No. 052517-D020. Plaintiff's insured reported the loss to Defendant Brightstar on or about June 12, 2017 and to Sprint on or about June 15, 2017. On August 18, 2017, Sprint sent an email communication denying liability for the claim.

5.11    Plaintiff remitted payment to ExportTek, Inc., insured under the Plaintiff's insurance policy, on the claim for the loss of the iPhones owned by the insured. Plaintiff seeks to recover the amount it paid for the partial loss of the shipment of iPhones.

5.12    In consideration of freight charges paid, the Defendants T.S. Express, Normark, Campuzano, and Forward Air, as carriers in this matter, agreed to provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice.

5.13    In consideration of freight charges paid, the Defendants T.S. Express, Normark, Campuzano, and Forward Air, as carriers in this matter, agreed to provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice.

5.14    In consideration of paid freight charges, Defendant BTX, as a freight forwarder or broker in this matter, agreed to arrange for and provide the full shipment of the iPhones and to safely receive, handle, load, stow, secure, carry, discharge, and deliver the shipment of iPhones in the good order and condition as described in the Sprint invoice. Neither Defendant BTX nor

Defendant Forward Air had any exceptions regarding the shipment of the iPhones noted in their contracts of carriage.

5.15   The loss of 829 iPhones from the entire shipment was the direct and proximate result of the actions or inactions of Defendants BTX, T.S. Express, Normark, Campuzano, and Forward Air (jointly referred to as "Defendants"), whether jointly or separately.

5.16   Defendants BTX, T.S. Express, Normark, and Forward Air breached their agreements of carriage and did not deliver the cargo in good order, quantity, and condition as described in the Sprint Invoice.  To the contrary, Defendants BTX, T.S. Express, Normark, and Forward Air, and each of them, failed to deliver the iPhones to their final destination.

5.17   If discovery reveals that Forward Air agreed to carry and carried cargo by truck as opposed to by air, then the loss of 829 iPhones in this case was proximately caused in whole or in part by the events during interstate road carriage when the cargo was in the actual, constructive, or contractual custody of Defendants BTX, T.S. Express, Campuzano, Forward Air, and/or Normark, and/or their employees and/or agents within the meaning of the Carmack Amendment.  In such event, Defendants BTX, T.S. Express, Campuzano, Forward Air, and Normark are liable as carriers under the Carmack Amendment.

5.18   Plaintiff's damages were reasonably foreseeable, and it has sustained damages totaling at least $187,146.75 (One Hundred Eighty-Seven Thousand One Hundred Forty-Six U.S. Dollars and Seventy-Five Cents).

# VI.
# JURY DEMAND

6.1   Plaintiff demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, National Union Fire Insurance Company of Pittsburgh, PA, respectfully prays that, upon final trial hereof and having recovered

judgment over and against the Defendants sued herein, jointly and severely, that it be awarded its costs of court, both pre-judgment and post-judgment interest that the lawful rate allowed by law and Plaintiff prays for such other and further relief to which it may show itself to be justly entitled.

        Respectfully submitted,

        DOWNS♦STANFORD, P.C.

        *//s// Timothy U. Stanford*        \*
        Timothy U. Stanford
        State Bar No. 19041030
        Fed. I.D. No. 14285
        2001 Bryan Street, Suite 4000
        Dallas, Texas 75201
        Phone: (214) 748-7900
        Fax:   (214) 748-4530
        Email: tstanford@downsstanford.com
        *Attorney for Plaintiff, National Union Fire*
        *Insurance Company of Pittsburgh, PA*

*\*Electronic signature by permission.*

        THE BALE LAW FIRM, PLLC

        *//s// Jeffrey R. Bale*
        Jeffrey R. Bale
        State Bar No. 01629800
        Federal ID No. 3324
        Kensington I, Suite 200
        1600 Highway 6 South
        Sugar Land, Texas 77478
        Phone:  (281) 295-6000
        Fax:   (281) 295-6010
        Email: jbale@balelawfirm.com
        *Attorney for Plaintiff,*
        *National Union Fire Insurance Company*
        *of Pittsburgh, PA*

OF COUNSEL
Ross B. Bale
State Bar No. 24094522
Federal ID No. 2639704
THE BALE LAW FIRM, PLLC
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Phone:  (281) 295-6000
Fax:  (281) 295-6010
Email: rbale@balelawfirm.com
*Attorney for Plaintiff,*
*National Union Fire Insurance*
*Company of Pittsburgh, PA*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of THE BALE LAW FIRM, PLLC, attorneys for the Plaintiff herein, and that I have provided a copy of the foregoing to all counsel of record via the ECF Filing System and/or via electronic transmission this **31st** day of **August**, **2021**.

**Via the ECF Filing System and**
**Via Email: rkoecher@brownsims.com**
**Via Email: mwilliams@brownsims.com**
Mr. James R. Koecher
Mr. Michael D. Williams
Brown Sims, P.C.
1177 West Loop South, 10th Floor
Houston, Texas 77027
*Counsel for Defendant,*
*Bacarella Transportation Services, Inc.*
*d/b/a BTX Global Logistics*

**Via the ECF Filing System and**
**Via Email: chris@hermes-law.com**
Mr. Antonio C. "Chris" Rodriguez
Hermes Law, P.C.
2001 N. Lamar St., Suite 450
Dallas, Texas 75202
*Local Counsel for Defendant,*
*Bacarella Transportation Services, Inc.*
*d/b/a BTX Global Logistics*

**Via the ECF Filing System and**
**Via Email: vhhenry@hoaf.com**
**Via Email: ehubbard@hoaf.com**
Mr. Vic Houston Henry
Ms. Emileigh Stewart Hubbard
Henry Oddo Austin & Fletcher, P.C.
1700 Pacific Avenue, Suite 2700
Dallas, Texas 75201
*Counsel for Defendant,*
*Forward Air Corporation*

**Via the ECF Filing System and**
**Via Email: jgreene@scopelitis.com**
Mr. John W. Greene
Scopelitis, Garvin, Light, Hanson
  & Feary, P.C.
777 Main Street, Suite 3450
Fort Worth, Texas 76102
*Local Counsel for Defendant*
*Normark of Texas, LLC*

**Via the ECF Filing System and**
**Via Email: kjeffries@scopelitis.com**
Ms. Kathleen C. Jeffries
Scopelitis, Garvin, Light, Hanson
  & Feary, P.C.
2 North Lake Avenue, Suite 560
Pasadena, California 91101
*Counsel for Defendant*
*Normark of Texas, LLC*

*//s// Jeffrey R. Bale*
Jeffrey R. Bale